WILLIAM T. ENGLISH v. ALEXANDER ENGLISH.

1. PARTITION—*Pleadings*. In an action for partition of one tract of land, where the defendant claims title to the whole under an agreement with plaintiff's father with reference to the tract of which partition is asked by plaintiff, and also to two other tracts, it is not error for the court to consider and determine the rights of the parties with reference to all of the lands included in the agreement, even though some portions of them had been conveyed away by the defendant; and the court did not err in refusing to strike out averments in the answer with reference to such other tracts.

2. EVIDENCE *Supports Findings*. *Held*, That the findings in this case are supported by the evidence, and show that all the lands in controversy were in equity the property of the defendant, and that so much of the legal title thereto as rested in the plaintiff's father at the time of his death was by him held in trust for the defendant.

3. FINDINGS, *Written by Attorney and Adopted by Court*. It is not error for the trial court to call on the attorney of the successful party to write out findings of fact in the case in accordance with the decision of the court as announced orally, where, after the findings are so prepared, the court examines, approves and adopts them as the findings of the court.

*Error from Atchison District Court.*

THE plaintiff in error brought this action, alleging that he was the owner of the undivided half of a 69-acre tract of land in Atchison county, which had been in possession of the defendant, and of which he had received the rents and profits from November 15, 1859, asking for a partition, and an accounting for profits. The defendant filed a very voluminous answer, containing, first, a general denial; second, a detailed statement, alleging that the father of the defendant left an estate consisting of both real and personal property in Indiana to the defendant and to his brothers John and Thomas; that Thomas English, whose son the plaintiff claims to be, was the guardian of the defendant during the latter portion of his minority, and, as such, received his share of the personal estate; that the real estate belonging to the three brothers was sold, and most of the proceeds thereof were received

and retained by Thomas; that the three brothers together came to Kansas; that the land described in the petition was purchased from Jacob Reese, and a deed therefor executed to Thomas English and Alexander English, but that a note, signed by all three of the brothers, was given for the purchase price thereof, and that this note was afterwards paid by the defendant alone; that the northwest quarter of section 14, township 6, range 17, was bought from one Sparling for $456, and that a military land warrant was located on the west half of the southwest quarter of section 29, township 5, range 18; that both of these tracts, though deeded to Thomas English alone, were paid for with trust funds in the hands of said Thomas, belonging to the defendant, and that all of this land had been in the possession of the defendant as his own for many years. The answer also alleges that Thomas English went back to Indiana and there married Lavinia Killian; that by her he had two children, who died; that the said Thomas died on September 6, 1866; that before his death it was agreed, by letters passing between the parties, that the defendant should have all of the lands in Kansas, in consideration of said Thomas having received and retained a large portion of defendant's share of the proceeds of their father's estate; that Thomas died without having carried out this agreement; that his widow, on the 22d of October following her husband's death, married one John Slatton, and that said Lavinia and John Slatton, in consideration of the moneys due the defendant from said Thomas English, and of the sum of $100, before the birth of the plaintiff, conveyed, by quitclaim deed, to the defendant all of the lands described in the pleadings; that thereafter the defendant bought in an outstanding tax title on a part of said lands, and paid off the tax liens that had accrued against all of it. The answer alleges that the plaintiff was not born until April, following his mother's marriage with said Slatton. It seems to be conceded, however, that the plaintiff is the son of Thomas English. The answer also shows that the defendant had sold and executed deeds to several portions of the lands before described, and

was still in the possession of the balance. The case was tried by the court, and very full findings of fact were made, sustaining all the essential averments of the answer; and thereupon the court rendered judgment in favor of the defendant, not only as to the land described in the petition, but also confirming his title to other tracts described in the answer.

*J. T. Allensworth*, for plaintiff in error.

*W. W. & W. F. Guthrie*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The first complaint is of the court's ruling on the plaintiff's motion to make the amended answer more definite and certain. We think the court's ruling was right. The answer certainly is not wanting in fullness of detail.

The next assignment of error is in overruling the plaintiff's motion to strike out all reference to other lands than those described in the petition, and it is contended that, as to the lands which the defendant had already deeded away, he had no right to relief. It may be that the defendant could not maintain an independent action to quiet the title to lands he had already conveyed to another, yet, inasmuch as the transactions between Thomas and Alexander English related to those tracts, and as it is claimed by the defendant that it was finally agreed between them that he should have all the Kansas land, we see no impropriety in settling the whole controversy in one suit. All the rights of the parties growing out of the same transaction may properly be determined in an action depending on such transaction.

The third and principal contention of the plaintiff in error is, that the findings are unsupported by the evidence. We have patiently read the testimony contained in the record, and find that every material fact found by the court is supported by competent testimony. To consider each of the matters which the court has deemed worthy of especial mention, separately, would consume needless space. We think the testimony is ample and satisfactory, and the court's con-

clusions correct. While it might perhaps be necessary, in order to establish a resulting trust, to show that the identical money belonging to the defendant was invested in this Kansas land, in this case we have proof of an express recognition by Thomas English of the trust, and an agreement in writing by his letters to convey the lands in pursuance of that trust to the defendant; and the evidence abundantly shows that Thomas English, at the time of that agreement, held considerably more funds belonging to the defendant than the amount invested in the Kansas lands.

Complaint is also made because the findings of fact were prepared by the attorney for the defendant. It appears that, at the conclusion of the trial, the court orally announced its decision upon the facts and the law, and requested the defendant's attorneys to prepare and submit findings; that this was done, and the findings so prepared were examined and approved by the court. Nothing is more common in the conduct of business in court than for attorneys to draft orders and journal entries of all kinds. Of course, it would be error to permit the attorney of one of the parties to dictate as to what should be included in the findings; but where the court, as will always be assumed to be the case without an explicit showing to the contrary, passed an intelligent judgment on the findings submitted, and approved them, we see no objection to allowing an attorney in the case to perform the clerical labor of writing up findings in accordance with the decision of the court as announced, leaving to the judge only the duty of examining, correcting if necessary, and finally approving.

We perceive no substantial error in the record, and the judgment is affirmed.

All the Justices concurring.