W. R. Hazen *et al.* v. Josie Webb *et al.*

No. 12,934.   (68 Pac. 1096.)

SYLLABUS BY THE COURT.

1. Partition—*Parties to the Action.*  In an action of partition brought by the grantee of one joint owner of the property against the other joint owners, wherein only a portion of the joint property is included, the defendants may, by answer in the nature of a cross-demand for affirmative relief, have the entire joint estate, and all parties in interest therein, brought before the court, partition made, and the rights of all parties in interest determined and protected by the decree.

2. ——— *Change of Venue—Jurisdiction.*  A court to which a cause is properly removed by change of venue acquires jurisdiction of the cause and subject-matter coextensive with that of the court from which the venue was removed, and may inquire into anything connected with the subject-matter of the action and render any judgment which might have been rendered by the court in which the case originated.

3. ——— *Proper Decree to be Rendered.*  A court, in rendering judgment in partition of joint property encumbered by many conflicting and overlapping specific and general liens, may make any order as to the sale of the property in satisfaction of the liens and disbursements of the proceeds which the necessities of the case demand for the protection of the rights of the lien-holders and the joint owners of the property, to the end that the decree rendered shall be an effectual and complete termination of the controversy.

Error from Jackson district court; Marshall Gephart, judge.   Opinion filed May 10, 1902.   Affirmed.

*H. W. Page,* and *William R. Hazen,* for plaintiffs in error.

*Keeler & Hite,* for defendants in error.

The opinion of the court was delivered by

Pollock, J. : The matters involved in this litigation are so inextricably confused, and the interests of the parties so interminably intermingled, that it will

subserve no useful purpose to attempt an exact or detailed statement of all.   It will be sufficient to state such facts only as are necessary to disclose the nature of the propositions discussed and relied on by counsel.

John S. Branner and Jacob Klein were partners. Klein died, leaving as heirs defendants in error Josie Webb and Millie Nichols.   Branner, as administrator, settled the individual estate of Klein, the partnership estate of Branner & Klein, and acted as guardian for the Klein heirs.   The values of the properties involved are large, and much litigation has arisen between the heirs of Klein, and Branner.   Many cases arising between these parties have been determined by this court.   (See *Webb v. Branner*, 59 Kan. 190, 52 Pac. 429 ; *Branner v. Nichols*, 61 id. 356, 59 Pac. 633 ; *Branner v. Webb*, 61 id. 181, 861, 862, 59 Pac. 270, 60 Pac. 1131.)   Others, aside from this, are now pending.

Plaintiff in error Hazen, having secured title from Branner and wife to Branner's undivided interest in much of the partnership real estate during the pendency of litigation in which the property was involved, brought this action in Shawnee county to partition one lot and a portion of two others, in the city of Topeka, belonging to the partnership estate.   To this action Branner, the Klein heirs, receivers of certain of the property, theretofore appointed, one Geo. Giles, the owner of a mortgage of $7000 on the property sought to be partitioned and on other portions of the partnership property, and others, were made defendants.   Each of the heirs of Klein owned an undivided one-fourth of the property involved.   Josie Webb had theretofore recovered a judgment against Branner in the sum of $4500 for rents and profits accruing on certain of the partnership estate.   Millie Nichols had re-

covered a like judgment in the sum of $4742.20. These judgments were liens upon Branner's portion of the joint property. Webb and Nichols also had a claim of $20,000 in litigation against Branner, growing out of the settlement of the estates and his guardian accounts. After plaintiff had procured his deed from Branner, he mortgaged the property therein described to the Bank of Topeka to secure the sum of $4300. Moses Snattinger held a mortgage on one portion of the joint property to secure payment of the sum of $6000. M. Oswald held a mortgage on another portion of the joint property to secure payment of the sum of $3000.

A change of venue was taken to Jackson county district court, where defendants Webb and Nichols, jointly, by way of answer and amended answer and cross-demand, set forth the foregoing facts in detail; described the joint property; alleged possession of their interest; the liens upon the joint property; their right to partition of the same; also, that the deed from Branner to plaintiff was fraudulent and void; demanded partition, and asked that all parties in interest in the joint property might be brought in and their interests in the joint estate fully adjusted, determined and protected by the decree entered. All parties in interest were brought in, and their rights to and claims on the joint property were fully set forth. During the pendency of this action the undetermined demand of Webb and Nichols against Branner was reduced to judgment, and ascertained to be the sum of $12,196.94, which fact was set forth in a supplemental answer filed in this case.

After issues fully joined, plaintiff, for the mortgagee Snattinger, Snattinger in his own behalf, and mortgagee Giles, moved for a dismissal of the action, which

motion was overruled.  After an ineffectual applica-
tion for continuance, plaintiff and mortgagees, Snat-
tinger, Giles, and the Bank of Topeka, dismissed their
several causes of action.  Thereupon, upon demand
of the defendant heirs, the case was brought on for
trial, and, as to all matters except the fraudulent char-
acter of the deed from Branner to plaintiff, was tried
by the court.  This question of fraud was by the court
specially submitted to a jury.  In answer to a special
question, the jury found such deed fraudulent and void.
The court made full findings of fact upon the evidence,
conclusions of law therefrom, at length, and entered
a decree fully adjusting and determining the interest
of all parties in the property, and the extent, amount
and priority of the liens thereon.  It specifically di-
rected the manner of sale of the different parcels of
encumbered property and the distribution of the pro-
ceeds, to the end that the priority of the liens thereon
might be preserved, protected, and paid, and ordered
the partition of the remainder of the property after
the satisfaction of the liens between the parties in in-
terest, as provided by law.  From this decree the
plaintiff, Branner and the mortgagees prosecute this
proceeding in error.

The questions raised for determination are mainly
matters of practice.  The evidence is not in the rec-
ord and the facts found by the court are conclusive.
The findings support the decree entered.  From the
facts stated, on account of the interlacing of interests
and the overlapping of liens, that any effectual, en-
forceable and protective decree might be entered, it was
almost an imperative necessity that all of the joint
property and all the parties interested therein should
be brought before one court in one litigation.  For,
in no other manner conceivable could an effectual de-

cree determining the several rights and protecting the different interests of all parties be obtained. The action of the trial court in so doing constitutes the chief ground of complaint made against the decree entered. The property in dispute being real property, situate in Shawnee county, and the relief demanded being the partition of this property and the determination of the extent and priority of liens thereon, that the district court of Jackson county in the first instance had no jurisdiction, is apparent. What is the rule, however, this action having been commenced in Shawnee county to partition a portion of the joint property, and having been legally removed to Jackson county on change of venue ?

On principle, it is well settled that the general policy of the law is to avoid a multiplicity of actions. It is also a principle of universal application that a court of equity once having assumed jurisdiction of a subject-matter will reach out and draw into its consideration and determination the entire subject-matter and bring before it the parties interested therein, that a full, complete, effectual and final decree adjusting the rights and equities of all parties in interest may be entered and enforced. A partial or incomplete decree in equity will not be entered. No decree will be granted until all necessary parties are before the court, if jurisdiction can be obtained. This action having been originally commenced by plaintiff in Shawnee county to partition only a portion of the joint estate and adjust the liens thereon, had the case remained in that jurisdiction, that the heirs could by cross-demand for affirmative relief have drawn into the controversy all the joint estate and all parties in interest therein, and fully determined and adjusted the entire matter in

one litigation, would seem sound in principle and well sustained by authority.

In the case of *Parker v. Harrison*, 63 Miss. 225, Mr. Justice Campbell, in delivering the opinion of the court, said :

"The complainant was a cotenant of all the lands sought to be partitioned, and brought before the court the alienees of her former cotenants, so that their interests would be protected.   Surely, they cannot successfully complain of this.   It is the right of one of several cotenants to convey his interest in the whole or a part of the joint estate, but this shall not prejudice the rights of a cotenant who has not aliened and desires to obtain partition.

"It is not allowable for a cotenant to split the joint estate into fragments, and necessitate as many separate suits for partition as there may be conveyances. He who has a joint interest in the several parcels may proceed as if no conveyance had been made by any of his cotenants, and bring all parties in interest before the court, which will do justice between the parties according to their several rights."

In the case of *Barnes v. Lynch*, 151 Mass. 510, 24 N. E. 783, it was said :

"A conveyance by one tenant in common of his interest in part only of the common estate will not authorize a cotenant to enforce partition of such part against the grantee, leaving the residue unpartitioned."

In *Grady and others v. Maloso and another*, 92 Wis. 666, 66 N. W. 808, it was held that one of several persons who together inherited from the same person two tracts of land may, without his complaint being open to the objection of improperly uniting several causes of action, maintain an action for partition of the two lots against his coheirs and persons to whom they

have conveyed an interest in one or the other or both of the lots.

In *Grant v. Murphy*, 116 Cal. 427, 48 Pac. 481, 58 Am. St. 188, it was held that, as a general rule, all the parties to an action for partition are actors, each having the right to set up in his pleadings the nature and extent of his interest, and to have the same ascertained and adjudicated by the interlocutory decree ; that this rule, applies where the property must be sold for partition as well as in other cases, and a decree which does not adjudicate the interests of the respective parties is ordinarily erroneous.

In *Gore v. Dickinson*, 98 Ala. 363, 11 So. 743, it was held :

"The court having acquired jurisdiction of the main question—the real subject-matter—it will ascertain the validity and extent of such conveyances, and so mold and adjust its decree as to meet all the equities of the parties growing out of their ownership of and relation to the property."

Mr. Knapp, in his work on Partition, page 25, says :

"The court, before it will order· a sale of lands in partition, requires that all those that have an interest in them shall be made parties to the action, to the end that the purchaser may get a perfect title."

At page 89 the same author says :

"It is a general rule that all persons ,who may in any way be interested in the lands sought to be partitioned shall be made parties to the action. . . . This rule also includes those who have a lien upon the land, or who may be interested in any mortgage, judgment or mechanic's lien, or, in fact, any lien that may be actually valid against the premises." (See, also, *English v. English*, 53 Kan. 173, 35 Pac. 1107 ; *Barnes et al. v. Boardman et al.* [Mass.], 32 N. E. 670.)

This being the rule governing the rights of the par-

ties, had Shawnee county remained the forum, does the fact that the venue of the action was changed to Jackson county limit the jurisdiction of that court to that portion of the joint estate described in the petition and actually involved in the controversy at the time the venue was changed? Or was the jurisdiction of that court coextensive with that of the Shawnee court had the venue remained unchanged? From an examination of the authorities, it would seem to be the general rule that a court taking jurisdiction of a cause by change of venue takes precisely the same jurisdiction which would have obtained in the court from which the venue is changed. In the Encyclopedia of Pleading and Practice, volume 4, at page 487, it is said: "The jurisdiction acquired by a change properly made is in all respects the same as that of the court in which the cause originated." In the case of *McIlwrath v. Hollander*, 73 Mo. 105, 39 Am. Rep. 484, it was held: "A court to which a change of venue has been taken may render any judgment which might have been rendered by the court in which the case originated." In the opinion it was said:

"The circuit court of Buchanan county, having regularly acquired jurisdiction of the suit by change of venue, had precisely the same power to render judgment therein which the circuit court of Livingston county had, and for all the purposes of this case the judgment may be regarded as a judgment of the circuit court of Livingston county."

As the Klein heirs had the undoubted right to have all the joint property partitioned in the one action brought in Shawnee county, notwithstanding the conveyance by Branner to plaintiff, and the interest of all parties therein determined, that the decree might be effectual and an end of litigation, and as the dis-

trict court of Jackson county, by the change of venue taken, acquired jurisdiction to determine any question and render any judgment in the case that the district court of Shawnee county could have rendered had the venue remained unchanged, it follows that the decree entered is not objectionable upon this ground.

Again, it is contended by counsel for plaintiffs in error that the court had no power to order the sale of the real estate involved in this controversy, or any portion thereof, and the distribution of the proceeds. We apprehend that this contention is based upon the assumption that, under the statutory provisions for partition of real estate, the only judgment the trial court is warranted in rendering is one determining the extent of the interest of the parties and appointing a commission to make partition in kind, if possible, or, if found and reported by the commissioners that partition in kind cannot be made, to order a sale on the appraisement made by the commissioners, in the event none of the parties in interest in the property elects to take the same at its appraised value. Whatever may be the general rule upon this subject where the property is unencumbered and no insuperable objection to this method of procedure is presented, we do not think the rule applicable to the facts in this case, or that justice could be done the parties by a strict adherence thereto. Section 616 of the code (Gen. Stat. 1901, § 5103) provides: "Creditors having a specific or general lien upon all or any portion of the property may be made parties." Section 629 (Gen. Stat. 1901, § 5116) provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

As has been seen, the joint property in this case was composed of several town lots and fractions of lots, encumbered by the specific, overlapping liens of the mortgagees and the general liens of the heirs upon the interests of Branner and plaintiff. The statute grants the power to make the lienors parties. Under the power granted, they were made parties in this case. When made parties, the statute, and the general rules of equity as well, invested the court with full jurisdiction over them to make all orders necessary to protect their interests, and also to protect the interests of the joint owners of the property. The only manner in which this could be accomplished in this case was by a sale of the property in satisfaction of the liens established, in accordance with the priority of the liens thereon, and the partition under the statute of the remainder. Any other decree would have been insufficient to meet the equities of the case, would afford no protection to the parties, and be incapable of enforcement under the peculiar complications of the case. Former decisions of this court tend to support this view. (*Sarbach v. Newell*, 28 Kan. 642; *Sarbach v. Newell*, 30 id. 102, 1 Pac. 30; *Phipps v. Phipps*, 47 id. 328, 27 Pac. 972.) The supreme court of Iowa, in passing upon this proposition, in *Brown v. Cooper*, 98 Iowa, 444, 67 N. W. 378, 60 Am. St. Rep. 190, held:

"The object of partition proceedings is to enable those who own property as joint tenants, or coparceners, or tenants in common to so put such end to the tenancy as to vest in each a sole estate in specific property or an allotment of the lands or tenements. It contemplates an absolute severance of the individual interests of each joint owner, and, after partition, each has the right to enjoy his estate without supervision, let or hindrance from the other. Unless this can be accomplished, then the joint estate ought to be sold, and the proceeds divided."

Complaint is also made of the trial court in permitting the filing of amended and supplemental pleadings, in refusing to grant a continuance, and in proceeding with the trial after the dismissal by plaintiff and the mortgagees of their several causes of action. Upon consideration, we find these objections without sufficient merit to entitle them to separate consideration. After dismissal by these parties they participated in the trial, the equities of the mortgagees were fully protected, and ample provision was made for the satisfaction of their liens.

Upon the whole record, it would appear that justice has been done as between the parties by the decree entered. It is therefore affirmed.

SMITH, CUNNINGHAM, GREENE, JJ., concurring.