THE UNITED ZINC & CHEMICAL COMPANY *et al.* v.
HENRY MORRISON.

No. 15,223.    (92 Pac. 1114.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Change of Venue—Nunc Pro Tunc Entry Correcting the Record.* Where an execution upon a judgment in the district court is enjoined by a restraining order issued in the same action, and pending a motion to dissolve the restraining order the cause and all the proceedings are transferred by a change of venue to the district court of another county, on account of the disqualification of the regular judge, the court to which the cause is transferred has authority upon satisfactory proof to direct that a clerical omission in the entry of judgment be corrected.

2. ———— *Evidence Sufficient to Authorize Correction of the Record.* The proof upon which the court ordered the record of the judgment corrected consisted of certified copies of the journal entry of the trial, of the judgment docket showing an abstract of the judgment entered by the clerk, and of the memoranda of the trial from the judge's trial docket. These were all competent, and furnished satisfactory evidence upon which to base the order.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed December 7, 1907. Affirmed.

## STATEMENT.

HENRY MORRISON brought this action in the district court of Allen county against the United Zinc & Chemical Company and H. Hobart, sheriff, to recover damages for the wrongful attachment of property. The cause was tried before the Honorable Travis Morse, judge *pro tem.*, and a jury, and, on September 26, 1903, the jury returned a verdict in favor of plaintiff for the sum of $330.

There was a motion for judgment on the special findings and a motion for a new trial. These were continued, and afterward denied and time given to make a case for the supreme court. The journal entry of the trial showed the verdict and proceedings up to and including the allowance of time for making a case for the supreme court, but it failed to show that judgment was rendered upon the verdict. Proceedings in error in this court to reverse the judgment were dismissed for the reason that the case-made was not signed and settled according to law. (71 Kan. 841.) On the return of the mandate from this court executions were issued against both defendants. Thereupon the defendants applied in the original action for an injunction against the executions, the ground of the application being that no verdict or judgment had been entered of record as required by law and that no judgment was ever rendered in the cause.

The judge of the district court, having been of counsel in the original attachment proceedings, was still disqualified from sitting. A temporary restraining order was allowed by the probate court. Plaintiff filed his motion to dissolve the restraining order on the ground that the records of the district court showed a valid, binding and subsisting judgment in favor of plaintiff and against the defendants. The plaintiff also applied for a change of venue, "changing the place of trial of this action and all matters connected therewith to the district court of some county other than Allen

county." On June 8, 1905, the district court of Allen county ordered "that a transcript of all the pleadings, motions and proceedings had in the district court of Allen county, Kansas, in this case, duly certified, be forwarded forthwith by the clerk of this court to the clerk of the district court of Bourbon county, Kansas, at Fort Scott, Kan., to be there proceeded with according to law."

After the cause had been transferred to Bourbon county, on June 27, 1905, plaintiff filed a motion for a *nunc pro tunc* order directing the clerk of the district court of Allen county to modify, correct and record the journal entry of the trial proceedings, for the following reasons:

"(1) Because the pretended journal entry of trial of the said cause now recorded does not conform to facts as shown by the judge's docket entries of the said trial and verdict of the jury made at the time of the trial.

"(2) Because by error of the scrivener the pretended journal entry of the trial of this cause does not show the judgment rendered in favor of the plaintiff and against the defendants, and each of them, on the 26th day of September, 1903.

"(3) Because the trial judge rendered judgment on the verdict in this case in favor of the plaintiff and against the defendants for the sum of $330 and costs of action, upon the same day the said verdict was returned, to wit, September 26, 1903, which judgment was duly recorded by the said trial judge on the trial docket of the district court of Allen county, Kansas, for the September, 1903, term thereof, and at page 129 of said trial docket, and entered on the judgment docket by the clerk."

The hearing on the motion to correct the journal entry was continued until the October, 1905, term of the district court of Bourbon county, but the hearing to dissolve the restraining order was heard by the judge of that court at chambers July 1, 1905. Plaintiff introduced in evidence a transcript of the appearance docket of the district court of Allen county showing the proceedings there from the time the action was com-

menced, the original journal entry, a certified copy of the judgment docket of Allen county showing that an abstract of the judgment was entered against defendants on the day that the verdict was returned, and a copy of the following entry on the trial docket, made by the judge *pro tem.* at the time of the trial:

"September 26, 1903: Jury instructed and case argued by counsel. Jury retired in custody of and under charge of officer sworn to take charge of them, to deliberate upon a verdict. Thereafter the jury having arrived at a verdict in the case came into court and rendered their verdict finding in favor of plaintiff and against the defendants and assessed the sum that the plaintiff recover from the defendants at $330, and returned at the same time the special questions and answers thereto. Thereupon judgment is rendered upon said verdict for plaintiff and against the defendants for $330, and for costs of the action, to which judgment defendants except."

The district judge of Bourbon county, upon this evidence, dissolved the restraining order. On October 16, 1905, at the regular term of the district court of Bourbon county the motion to correct the journal entry was heard. The defendants interposed a demurrer on the ground that the court had no jurisdiction of the subject-matter or of the parties in the proceedings. This was overruled. The evidence in support of the motion was substantially the same as used on the hearing to dissolve the injunction. At the same term the court allowed the motion and directed that the journal entry be corrected by the clerk of the district court of Allen county so as to recite the rendition of the judgment on the verdict as of the 26th day of September, 1903. These proceedings are for the purpose of reversing the judgment of the district court of Bourbon county ordering the record in the cause corrected.

*Charles H. Apt,* for plaintiffs in error; *McClain & Apt,* of counsel.

*Chris Ritter,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The first claim of error we shall notice is that the court erred in the admission of evidence in support of the motion to correct the journal entry. As to this contention we need only refer to the language of the court in *Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527, and *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530, 85 Pac. 594, to the effect that the record of a judgment can always be corrected so as to speak the truth after, as well as during, the term at which it was rendered, and upon any satisfactory evidence, parol as well as written. The evidence objected to here consisted of the certified copies of the journal entry of the trial, of the abstract of the judgment docket and of the judge's trial docket. These were all competent for the purpose of establishing what in fact occurred at the trial, and furnished what may be said to be quite satisfactory evidence. (*Pennock v. Monroe*, 5 Kan. 578, 583.)

The next contention, which raises the principal question in the case, is that the court erred in overruling the demurrer to the motion. The contention is stated in the briefs, in substance, as follows: The district court had no jurisdiction to correct the proceedings or records of the Allen county district court, for the reason that the only proceedings transferred by the change of venue were the application for an injunction and the motion to dissolve the restraining order. Defendants are contented with merely stating the proposition. No argument is made or authorities cited in support of it. And none are cited in the brief of the plaintiff against it. The objection is technical. The application for a change of venue asked that the place of trial of the action and all matters connected therewith be changed; and the order is broad enough in its terms to transfer the whole cause. The general rule is stated in *Hazen*

*v. Webb*, 65 Kan. 38, 68 Pac. 1096, 93 Am. St. Rep. 276, as follows:

"A court to which a cause is properly removed by change of venue acquires jurisdiction of the cause and subject-matter coextensive with that of the court from which the venue was removed, and may inquire into anything connected with the subject-matter of the action and render any judgment which might have been rendered by the court in which the case originated." (Syllabus.)

This was approved in *Young v. McWilliams*, 75 Kan. 243, 89 Pac. 12.

The motion was not that a judgment be rendered. It was for the correction of the record so that it would speak the truth and show a judgment actually rendered on the day that the verdict was entered. The district judge of Allen county was disqualified from acting. It must be conceded that if he had not been disqualified and no change of venue had been taken the district court of Allen county possessed authority to order the record corrected to show that a judgment was duly entered. (*Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527; *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530, 85 Pac. 594.) When the venue of the case was transferred to Bourbon county the court there was given all the authority and powers in respect of this case that were possessed originally by the district court of Allen county, and the latter court had thereafter no jurisdiction of the cause or of the parties for any purpose until the action was finally disposed of by the court to which the venue was changed. A motion of this kind to correct the record could not have been entertained by the Allen county district court while the action was pending in Bourbon county, even though a judge otherwise qualified to sit had taken his seat in the Allen county district court. The case and the parties were then under the jurisdiction of the court to which the venue had been changed. (*Hazen v. Webb*,

65 Kan. 38, 68 Pac. 1096, 93 Am. St. Rep. 276; *Young v. McWilliams*, 75 Kan. 243, 89 Pac. 12.)

There must be some court with authority over the record in a cause and with power to make it speak the truth or absurd consequences and results would follow. We are of the opinion that the court which possessed this power was the court which by the change of venue acquired jurisdiction of the entire proceedings, including the record of what had, up to that time, taken place in the court from which the venue was taken. If the venue had been changed before the trial the district court of Bourbon county could have entertained a motion to quash the summons or to permit the return thereon to be amended to conform to the truth. And we think it had power to make any order necessary to be made in the progress of the cause after the venue was changed. The other theory would leave part of the cause in the court where it was originally brought and part in the court to which it was transferred.

A considerable portion of the brief of plaintiffs in error is taken up with an argument on the merits of the original action, in which the judgment was rendered. It is insisted that plaintiff had waived all damages sustained in the attachment proceedings and was not entitled to recover a judgment in this action. With the merits of the action in which the judgment was rendered we have no concern. Upon the dismissal of the former proceedings in error the judgment became final. The merits of this controversy are with the plaintiff. The defense is extremely technical. After a regular trial and verdict of a jury a judgment was in fact pronounced against the defendants. By a mere technical omission it was not properly recorded in the journal entry of the trial, although the defendants considered it so far a valid judgment that they attempted to reverse it by proceedings in error. "Mere irregularities or errors in judicial proceedings afford no ground for

an injunction to restrain the collection of a judgment." (*Burke v. Wheat*, 22 Kan. 722. See, also, *Muse v. Wafer*, 29 Kan. 279.) The clerical omission was one which courts regard as of little consequence and easily remedied. It affected none of the substantial rights of the defendants, and furnished no ground for enjoining the executions. Suppose the motion to correct and amend the record had been filed in the cause before the change of venue: it could hardly be denied that under such circumstances the district court of Bourbon county would have been the only court to pass upon the motion. The mere fact that it was filed after the venue was changed is unimportant.

The judgment is affirmed.