No. 22,677.

A. W. HOWARD, *Appellant*, v. THE CITIZENS NATIONAL BANK, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION ON CONTRACT—*Order on Bank for Payment of Money*. An action on an order on a bank for the payment of money is an action on a contract, although the petition alleges that the bank conspired with the maker of the order to defeat the payment thereof to the person named therein.

2. ORDER—*Substitution—Additional Parties—No Appeal from Order*. Neither an order of substitution made under section 42 of the code of civil procedure nor an order making additional parties defendant under section 35 of the code is, a final order, and an appeal cannot be taken from either.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed October 9, 1920. Dismissed.

*E. C. Wilcox*, and *Myrtle Youngberg*, both of Anthony, for the appellant.

*T. A. Noftzger, George W. Cox*, and *W. R. Glass*, all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order under section 35 or 42 of the code of civil procedure. .

The petition alleged in substance that one W. A. Moyer contracted with one Domineck to sell him a certain piece of land on which there was to be a cash payment of $3,000; that the deed and money were deposited in the defendant bank as an escrow, the exact terms of which were alleged to be unknown, but were in substance that the deed was to be delivered to Domineck and the $3,000 to Moyer, or placed to his credit when Moyer presented an abstract showing merchantable title; that after the money was placed in the bank Moyer became indebted to the plaintiff for $3,000 and agreed to transfer to him the amount of the money so deposited upon completion of the terms of the escrow and undertook to make a written assignment to him believing that the money could be transferred to the plaintiff, and wrote an order to the bank to turn over to the plaintiff the $3,000 "placed in escrow subject to deed and abstract to be delivered by myself, when title is complete"; that Moyer and plaintiff together presented this order to the defendant, whose cashier accepted it and placed it among the other papers; that thereafter the defendant conspired with Moyer to prevent the plaintiff from receiving the money and with the intent to aid Moyer to obtain it and not pay it to the plaintiff; that the bank arranged with Moyer not to comply with the terms of the escrow literally and induced him not to have the money placed to his credit, but arranged with Moyer to turn the money over to him and placed it to some one's credit for him in some way unknown to the plaintiff, which was in effect complying with the escrow but in such a manner as to give the appearance that the terms of the escrow had not been completed; that thereupon the bank returned the order to the plaintiff; and that the terms of the escrow were complied with or waived so that Moyer received the benefit of the $3,000 and the bank refused to turn it over to the plaintiff. The plaintiff prayed for a decree that the instrument and the conduct of the parties constituted an equitable assignment of the amount of money named in the order, and that the plaintiff have judgment against the bank for that

Howard v. Bank.

amount. The bank filed an affidavit under section 42 of the code of civil procedure (Gen. Stat. 1915, § 6932) stating that Moyer and wife, without collusion with the defendant, had and make a claim to the subject of the action. The bank asked that the Moyers be substituted and that the defendant be discharged from all liability to the plaintiff. The court made the following order:

"That the said W. A. Moyer and Katie Moyer, his wife, be and they are hereby ordered on or before thirty days from this date to appear in this action and maintain and set up or relinquish all their claims to the fund of $3,000.00, the subject of this action; and it is further ordered that said fund be held by the said defendant, The Citizens National Bank, until the further order of the court."

1. The plaintiff contends that for the statutory procedure to be effective the bank must be entirely free of any claim made against it by either of the other parties; that the statute applies only in an action on contract or to recover personal property; that this is an action on a tort; and that the bank has no right to be relieved by its affidavit from the effects of the alleged conspiracy. It is clear that the plaintiff bases his action on the written order given by Moyer. But for this the bank would have been under no obligation to the plaintiff. The allegation of conspiracy to avoid complying with the order is only another way of saying that the order is the foundation of this action; hence, it must be held that the action is one on contract rather than the one sounding in tort, and that the action is one in which an order of substitution can properly be made.

2. The defendant claims that the order was not appealable and asks that the appeal be dismissed. It must be noted that the order did not state that W. A. Moyer and Katie Moyer should be substituted for the bank, nor that the bank should be discharged. In these particulars the order of the court did not comply with section 42 of the code of civil procedure, but did comply with section 35. Unless the bank was finally and completely discharged, there was no final order so far as the bank was concerned; but it may be argued that when the Moyers were made parties, the statute compelled the substitution and discharged the bank. If there was a substitution, the question is concluded by *C. K. & W. Rld. Co. v. Butts*, 55 Kan.

660, 41 Pac. 948, where this court said that "an order of substitution is not a final one." (Syl. ¶ 1.)

There is room for argument that the court did not make the Moyers parties under section 42 of the code of civil procedure, but did make them parties under section 35, which reads:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." (Gen. Stat. 1915, § 6925.)

If they were made parties under the latter section, the bank was not discharged and no final order was made or judgment rendered in favor of or against any party to the action. In neither of the two situations thus presented has there been any judgment or final order from which an appeal can be taken.

The appeal is dismissed.