No. 24,350.

### J. S. BALL, *Appellee*, v. THE RED SQUARE OIL & GAS COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Receiver Appointed to Operate Producing Wells—Jurisdiction.* Where a receiver appointed for the purpose has for more than a year been in charge of an oil and gas lease, on which are a number of producing wells, and in the meantime interveners have asserted claims of liens on the property in his hands, upon the consideration of a motion to discharge him on the ground that the court had no jurisdiction to appoint him because the action was not one in which the statute authorizes such an appointment, the allegations of the petition are to be construed with great liberality. And it is held that when so construed the petition asserts a right of the plaintiff to look to the production of the lease as a fund pledged to the payment of his claim against the defendant, which fund was in danger of being materially injured, and upon that ground a case was presented in which the court had jurisdiction to appoint a receiver.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed June 18, 1923. Affirmed.

*G. H. Lamb, W. E. Hogueland,* both of Yates Center, *O. L. O'Brien,* of Independence, *Frank W. Yale,* and *Ernest S. Ellis,* both of Kansas City, Mo., for the appellant.

*A. R. Enfield, Charles H. Apt,* and *Frederick G. Apt,* all of Iola, for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 19, 1921, J. S. Ball sued the Red Square Oil & Gas Company, an Oklahoma corporation, for $8,301.65 alleged to be due him for drilling wells upon a lease in this state owned

Ball v. Oil & Gas Co.

and operated by the defendant. On the same day, on his application, the court appointed a receiver to take charge of and operate the leasehold and the property of the defendant used in connection therewith. On January 25, 1922, the defendant moved to discharge the receiver, and it now appeals from the order denying such motion.

Only two grounds for the receiver's discharge were assigned in the motion—(1) that the court had no jurisdiction to appoint him, and (2) that by the appointment the federal constitution was violated, in that the defendant was denied the right of a trial by jury, and was deprived of its property without due process of law. Of course where the constitution of the United States, including the amendments, guarantees a trial by jury reference is had to proceedings in the federal and not in the state courts. The due process of law clause of the fourteenth amendment does not require a jury trial in a state court (*Jordan v. Massachusetts*, 225 U. S. 167, 176), nor do we discover that it was in any way invaded by the appointment of the receiver. The question to be determined is whether under the Kansas statutes the appointment was void for want of jurisdiction.

The statute provides that a receiver may be appointed in an action "by a creditor to subject any property or fund to his claim" and "where it is shown that the property or fund is in danger of being lost, removed or materially injured;" and "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." The company urges that under the allegations of the petition the plaintiff was a simple contract creditor of the corporation and, therefore, had no standing to ask a receivership. We do not so read the pleading, which alleged that "the defendant through its officers has replied [to demands for payment] that plaintiff would have to get his payment upon the production of the lease"; that "the production from said leasehold has decreased, the care and attention required for the wells have been neglected so that there have been as many as eleven wells not pumping, while the condition of all of the wells have deteriorated to such an extent that in a short time the wells will become valueless, all due to lack of attention and proper management . . . that so far as plaintiff knows, the said defendant has no other assets in the state of Kansas to which he may look for funds in payment of his claim, so that he is directly interested in the care and condition of the said leasehold, and is directly injured and damaged by its threatened

and continued deterioration; that the best interests of all parties warrant the placing in charge of said leasehold and said corporation a competent man, to the end that the same may be cared for and the production brought up to what it reasonably should be; that plaintiff has repeatedly called the management of the defendant to the depleted condition of the wells and the diminished production as well as the ultimate injury to the leasehold; that they have failed and refused to take any action to remedy or improve conditions; so that under these facts the plaintiff is entitled to have a receiver appointed for said property, a competent man who understands the care and attention required to bring the same back into condition and maintain the same in good production conditions, to the end the interests of all parties may be conserved and that this plaintiff may recover the moneys due him." A part of the prayer was that the plaintiff's claim should be paid from the proceeds of the product of the leasehold.

The defendant filed an answer consisting of a general denial, qualified by admissions of its corporate existence, ownership and possession of the lease, and by a paragraph reading: "The defendant admits that it is indebted to the plaintiff in some amount, the exact amount the defendant is unable to state at this time for the reason that the plaintiff has largely in his possession all the evidence of such indebtedness and the defendant has not had time to check all the items of indebtedness and ascertain the amount thereof, therefore defendant puts himself on the proof of his said indebtedness." Later it filed an amended answer, including a counterclaim.

In view of the manner in which its allegations are questioned the petition should be very liberally interpreted. The plaintiff obviously did not sue as the holder of an unsecured claim. He asserted a right to look to the production of the leasehold for his payment—as a specific fund pledged to him for that purpose which was in danger of being lost or materially injured. Whether his contention in this regard was well or ill founded his assertion of it was sufficient to give the court jurisdiction to appoint a receiver to conserve the security.

The ruling attacked might be justified upon other grounds, but we deem those stated sufficient. The conclusion reached is strengthened by these considerations: Within a few weeks after the petition was filed two persons claiming liens against the property in the hands of the receiver intervened and asked their foreclosure, a

third asserting an interest in the production, thus adding to the occasion for a receivership. On March 26, 1921, the defendant filed a motion to discharge the receiver, and on October 28, 1921, in support of that motion offered to give a bond to produce the property or else pay any judgment rendered. This motion does not appear to have been ruled upon. On December 21, 1921, the defendant made a request, which was granted, that the receiver be directed not to sell any casing or other property without an order of the court. On that day the defendant also filed a motion asking to be permitted to give a bond "under such terms and conditions as the court may require" and have the receiver dismissed. This motion was sustained on condition that the defendant should within thirty days pay all the expenses and charges of the receiver, a ruling that was followed by the filing of the motion the denial of which is the subject of this appeal. Such recognition of the receiver goes far to show acquiescence. The want of jurisdiction arising from the fact that a receiver was appointed before any action had been brought has been held to be cured by a motion for his discharge upon other grounds. (*Guy v. Doak*, 47 Kan. 366, 27 Pac. 968.)

The order overruling the motion to discharge the receiver is affirmed.