No. 26,509.

L. F. REYNOLDS, *Appellee*, v. A. F. ROBERTS, *Appellant*.

SYLLABUS BY THE COURT.

PARTNERSHIP—*Dissolution—Lien of Partner on Firm Property.* Where the agreement by which a partnership is dissolved includes a provision that one partner shall take over the firm assets and pay to the others the amounts respectively found due them upon an accounting, the other partners by agreeing to this arrangement consent to the ownership of the property passing to him, and thereby lose their lien upon it—their right to have it applied to the payment of the sums due them.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed July 18, 1925. Reversed.

*Wm. I. Stuart* and *Paul B. Bailey,* both of Hiawatha, for the appellant.
*Rex Etnyre* and *W. E. Archer,* both of Hiawatha, for the appellee.

The opinion of the court was delivered by

MASON, J.: L. F. Reynolds, L. M. Reynolds and A. F. Roberts were partners in constructing roads and bridges. By mutual consent the partnership was dissolved, Roberts taking the equipment at a valuation of $8,000, and agreeing to pay $542.21 to L. F. Reynolds and $2,197.78 to L. M. Reynolds, the amounts due them upon an agreed settlement. L. F. Reynolds brought this action against Roberts for the sum owing to him and procured the appointment of a receiver to take charge of the equipment. The defendant appeals from the order appointing the receiver, and by giving a bond has procured a stay in its operation.

The defendant asserts that the pleading and evidence failed to show the existence of any ground for the appointment of a receiver. The partnership having been dissolved and the property disposed of, there was no occasion for a receiver to wind up the firm business. The amended petition alleged the plaintiff had a lien on the equipment for the $542.21, by reason of the partnership, and that it was greatly depreciating in value; there was testimony that the defendant was using the machinery in building bridges and doing road work and that in such use it would depreciate in value, some of it very rapidly. The prayer was for judgment for $542.21 and the sale of the equipment to pay it. The action, therefore, was one brought by a creditor to subject to his claim property which was in

Partnership, 30 Cyc. p. 701; 20 R. C. L. p. 1030; 3 R. C. L. Supp. p. 1121.

danger of being materially injured, and therefore under the statute (R. S. 60-1201, first subdiv.) the court had jurisdiction to appoint a receiver, even should the plaintiff's position prove unfounded in law or fact. (*Ball v. Oil & Gas Co.*, 113 Kan. 760, 216 Pac. 420.) The question involved, however, is not whether jurisdiction existed for the appointment of a receiver, but whether error would thereby be committed. The answer depends upon whether under the facts stated in the amended petition the plaintiff had a lien on the equipment. That pleading set out that on April 24, 1924, by agreement of its members, the partnership was dissolved and an accounting and settlement had by which the defendant was to take the equipment at $8,000 and pay to the other partners the amounts due them as already stated. The transaction with respect to the equipment is twice spoken of in the pleading as a sale to the defendant. The schedule of liabilities and assets upon which the settlement was made contains the item, "A. F. Roberts owes company for equipment taken over, $8,000." The original petition made no reference to a lien, but alleged that the plaintiff had sold and conveyed to the defendant all his right, title and interest in the partnership, with all accounts due the firm, the defendant to pay all claims against it.

The plaintiff does not contend that an express agreement was made giving him a lien upon the equipment. His claim is that as a member of the firm he had a lien upon its assets for the amount coming to him upon a distribution, which was not lost by what was done at the time the partnership was dissolved.

A partner has a right, which is usually spoken of as an equitable lien on the property, to have the assets of the partnership devoted to the payment of the indebtedness owed by the firm, and to what would be due to him on an accounting, before being applied to the individual obligations of the other members of the firm or otherwise disposed of. (*Bank v. Schuetz*, 103 Kan. 229, 173 Pac. 278; 30 Cyc. 453; 20 R. C. L. 1030, 1033.) When the partnership is dissolved by consent the title to the property depends upon the terms of the agreement entered into. Here the intention that the equipment should become the property of the defendant is clearly indicated, not only by the general character of the transaction, but by the plaintiff's repeated description of it as a sale to him. A purpose to limit his title by a lien in favor of his former partners is not to be implied in the absence of some expression to that effect. He could of course have held to his interest in the property until he

was paid what was coming to him, but he was free to part with it and look only to the defendant for compensation. The fair interpretation of his pleading is that he chose the latter course. His situation is not essentially different from that of anyone who sells goods without taking security. No exceptional equity grows out of the fact that here the property was disposed of to one with whom he had been in partnership, and the matter is not complicated by the claims of creditors.

Typical expressions confirming this view follow:

"As between the partners, a sale of his interest by one to the other, in consideration of the promise by the purchaser to pay the firm debts, is binding, and works a conversion of firm property into separate property." (Burdick on Partnership, 2d ed., p. 122.)

"The lien is lost by the conversion of partnership property into the separate property of a partner." (Shumaker's The Law of Partnership, 2d ed., p. 177.)

"The partner's lien on partnership property is lost by the conversion of such property into the separate property of another partner. . . . If, therefore, on dissolution the property of the firm is divided between the partners upon the understanding that the debts shall be paid in some specified way, the lien, so far as the partners themselves are concerned, is gone, and the partners cannot reclaim the property, although the debts remain unpaid. So where one partner sells out all of his interest in the firm to his copartner, and the latter agrees to pay the debts of the partnership, the lien of the selling partner is, in many cases, held to be gone." (Mechem's Elements of Partnership, 2d ed., § 436.)

"Further, a partner's lien on partnership property is lost by the conversion of such property into the separate property of another partner." (Lindley on Partnership, 8th ed., p. 417.)

"Where, upon the dissolution of a partnership, the personal property owned by the partnership was by the agreement of the parties partitioned between them, the act of partition operated (as between the copartners) a total extinguishment of the partnership lien." (*Robertson v. Baker and Macras,* 11 Fla. 192, syl. ¶ 3.)

The judgment is reversed with directions to set aside the order appointing a receiver.