No. 29,807.

THOMAS S. MOFFETT, *Appellant,* v. HELEN MOFFETT, the COMMERCE TRUST COMPANY, Executor *de bonis non* of the Will and Estate of John Moffett, Deceased, and the COMMERCE TRUST COMPANY, Administrator of the Partnership Estate of Moffett Brothers et al., *Appellees.*

(292 Pac. 947.)

Opinion filed November 8, 1930. 

*E. C. Wilcox*, of Anthony, *A. E. Watson* and *Martin J. O'Donnell*, both of Kansas City, Mo., for the appellant.

*B. C. Howard*, of Kansas City, Mo., for appellee Commerce Trust Company; *Orlin A. Weede*, of Kansas City, Mo., for appellee Helen Moffett.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff has appealed from an order of the court overruling his demurrer to the answer of the defendant, Helen Moffett, also from an order of the court permitting the Commerce Trust Company to interplead.

Plaintiff in his petition alleged that for many years he and his brother, John Moffett, were equal copartners, under the firm name of Moffett Brothers, engaged in the live-stock and farming business and in the purchase and ownership of lands used in connection with that business, the title to the land being taken, sometimes in the name of the partnership, at other times in the name of one or the other of the members of the firm; that both of the partners resided at Kansas City, Mo., where the principal office of the partnership was located; that some of the partnership lands were situated in Kansas, where they were operated in connection with the partnership business; that the partnership was dissolved August 23, 1927, by the death of John Moffett; that the real property described in the petition, situated in Harper, Anderson, Pratt, Barber and Comanche counties, Kansas, was acquired and purchased with partnership funds and used in connection with the partnership business; that by reason of plaintiff's interest in the partnership he was the owner of an undivided one-half interest in the land; that on the death of John Moffett he left surviving him his widow, Helen Moffett, but no children; that the widow had elected, both in Missouri and in Kansas, to take under the law; that John Moffett left a will under the terms of which, as construed in plaintiff's petition, plaintiff was the beneficiary to the extent of 7/144 of the property of which John

Moffett died seized; that by reason of his partnership interest in the property and his interest as beneficiary under the will of his brother, plaintiff was the owner of 79/144 of the real property described in the petition; that the defendant, Helen Moffett, was the owner of an undivided one-fourth of the property, and that brothers and sisters of John Moffett, other than plaintiff, living at the time of his death were the owners respectively of an undivided 7/144 of the property; and that all debts of the partnership, owing to general creditors, had been paid. The widow of John Moffett, his brothers and sisters, other than plaintiff, and others who might claim an interest in the property, were named as defendants. The prayer was that the respective interests of the parties be adjudicated and determined, and that the real property be partitioned.

The defendant, Helen Moffett, answered, admitting she was the widow of John Moffett, deceased; that she had elected to take under the law; that plaintiff and John Moffett for many years prior to his death were partners under the name of Moffett Brothers; that the real property in controversy had been purchased by partnership funds and used in the partnership business, and that partnership debts owing to general creditors had been paid; but alleged that the partnership was in debt to John Moffett in a large amount, and that the plaintiff was indebted to the partnership in a substantial sum; and further alleged that prior to the death of her husband there was a partnership composed of her husband, the plaintiff in this action and two other brothers, doing business under the name of Moffett Brothers Cattle, Land and Lumber Company, which partnership was indebted to Moffett Brothers in a substantial sum, and the defendant, Helen Moffett, in her answer prayed that before the land described in the petition should be partitioned an accounting should be had so as to determine her share or interest, as well as that of the plaintiff and other defendants, in the property sought to be partitioned.

The Commerce Trust Company of Kansas City, Mo., having previously been duly appointed executor *de bonis non* of the will of John Moffett, deceased, and also as administrator of the partnership estate of Moffett Brothers in its two respective capacities, made application to be permitted to intervene and allege facts much as were alleged in the answer of Helen Moffett as to why there should be an accounting prior to the partition of the real property in controversy. These applications to intervene were allowed. It

would seem the order allowing these applications is not appealable (*Wagstaff v. Wagstaff*, 67 Kan. 832, 72 Pac. 780; *Howard v. Bank*, 107 Kan. 489, 192 Pac. 746; 3 C. J. 493), while an order denying them might have been (*Ousley v. Osage City*, 95 Kan. 254, 147 Pac. 1110). But we pass that question, since it is not specifically raised.

While we do not deem it important to the question presented, we are told in the briefs and arguments that the members of the partnership firm of Moffett Brothers Cattle, Land and Lumber Company, other than plaintiff and John Moffett, deceased, have filed answers in which they ask for an accounting prior to the partition of the real property in controversy.

Speaking broadly, the question presented is whether there can be, or should be, an accounting as between the members of the partnership of Moffett Brothers and of the alleged indebtedness of plaintiff, and of the Moffett Brothers Cattle, Land and Lumber Company, before there is actual partition of the real property in question. In the argument counsel have separated the question, broadly stated as above, into several points, but we deem it unnecessary to dissect it very much. Appellant alleged in his petition, and the appellees concede in their answer and application to intervene, that the real property sought to be partitioned was purchased with partnership funds of Moffett Brothers and used in the partnership business, and that obligations owing to general creditors have been paid.

Appellant contends that because he was an equal partner with John Moffett in the business of Moffett Brothers he is an owner of an undivided one-half of the real property in controversy. Appellees contend that notwithstanding the fact that plaintiff was an equal copartner in the firm of Moffett Brothers he is not the owner of an undivided one-half interest in the assets of the partnership, including the land in controversy, for the reason that the partnership was heavily indebted to John Moffett, and plaintiff was indebted to the partnership, and the partnership of Moffett Brothers Cattle, Land and Lumber Company was indebted to the Moffett Brothers partnership. Appellant in his petition prayed that the respective interests of the parties to the action be adjudicated and determined. Appellees ask the same result, but say that in adjudicating and determining the respective interests of parties to the land in controversy it is necessary for the court to determine the amount and take into consideration the indebted-

ness above referred to. Appellant argues that any sum he owes to appellees can be recovered in an action at law, and that such indebtedness, if any exists, does not affect plaintiff's title or interest in the real property in controversy. Appellees contend that since the real property in question was partnership property appellant has only the share or interest therein which would be shown by an accounting as between the partners of the assets of the partnership. These contentions lead to the discussion of the nature of the property of real estate when the same is a part of the assets of a partnership—whether it is to be treated with all the attributes of real property, or as being converted into personalty, and if so converted, to what extent. Much has been written on the question, first and last. The English rule that partnership real property is regarded in equity as converted into personalty for all purposes, spoken of as "out and out" conversion, after some fluctuation of judicial opinions, was, in 1890, embodied in a statute (53 & 54 Vict., c. 39, secs. 20-22). The doctrine in America is stated in Ruling Case Law as follows:

"The rule prevailing in the United States is that, to the extent that partnership real estate may be required to pay partnership obligations or to pay any balance due from one partner to another in the settlement of its affairs, and only to that extent, the share of each partner is embraced in a trust implied by law which equity, in enforcing, treats as converted into personalty. When no longer needed for partnership purposes the land is relieved from the trust growing out of the partnership relation, and all the ordinary incidents and qualities of real estate revive. In America the doctrine of equitable conversion, as applied by the courts, gives to the laws of inheritance and descent their ordinary operation. On the death of either partner, where the title is vested in both, the share of the land standing in the name of the deceased partner descends as real estate to his heirs, subject to the equity of the surviving partner to have it appropriated to accomplish the trust to which it was primarily subjected. The working out of the mutual rights which grew out of the partnership relation does not seem to require that the character of the property should be changed until the occasion arises for a conversion, and then only to the extent required. If a portion of the land is not required for partnership purposes and the adjustment of equities it retains its character as realty. . . . Ordinarily, when a partnership is dissolved, real estate constituting part of its assets may be divided by compulsory partition, provided it appears that it will not be required to satisfy liabilities of the firm. Yet the partition of lands belonging to a firm cannot take place until its affairs are settled. . . ." (20 R. C. L., 866, 870.)

Similar statements of the doctrine prevailing in the courts of this

country are made in 22 A. & E. Ency. of L., 106, 107; 30 Cyc. 625, 626; 47 C. J. 1050, *et seq.;* Mechem on Law Partnerships, §§ 169, 402, and in the many cases cited in support of the texts above referred to and additional cases collected in the American Digest system under partnerships, key number, § 246. Our own cases are in harmony with this view. (*Ravenscraft v. Pratt,* 22 Kan. 20; *Tenney v. Simpson,* 37 Kan. 353, 363, 15 Pac. 187; *Cox v. Grubb,* 47 Kan. 435, 28 Pac. 157; *English v. English,* 53 Kan. 173, 35 Pac. 1107; *Sternberg v. Larkin,* 58 Kan. 201, 48 Pac. 861; *Getty v. Larkin,* 59 Kan. 548, 53 Pac. 755; *Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096; *Goodnough v. Webber,* 75 Kan. 209, 88 Pac. 879; *Reynolds v. Roberts,* 119 Kan. 281, 237 Pac. 931.)

This American doctrine is sometimes stated from the viewpoint that upon the termination of a partnership by the death of one of the partners the title to the real property, which is a part of the assets of the partnership, passes at once to the surviving partner and to the heirs or devisees of the deceased partner, who hold it in trust for the benefit of general creditors and the adjustment of the financial interests of the partners between themselves. The other viewpoint is that the real estate, in all of its aspects, is to be treated as personal property until the creditors of the partnership have been paid and the shares of the partners as between themselves have been determined. The application of these two viewpoints reaches the same result. The first viewpoint is the one usually applied when the facts and circumstances of a particular case require or justify its application, and the one which both the plaintiff and the defendant, Helen Moffett, have proceeded in accordance with in this case. Both take the position that on the death of John Moffett the title to the real property which was a part of the partnership assets passed to the surviving partner and to heirs and devisees of the deceased partner. The share or interest of the respective parties in such real property can be determined, of course, only by determining the status of the partnership and the obligations of each member to it and to each other.

Appellant contends that the court does not have power to make such an accounting in the partition action. In *Sawin v. Osborn,* 87 Kan. 828, 831, 126 Pac. 1074, it was said:

"While the remedy of partition is statutory, the court in enforcing it has substantially the same powers as were exercised by courts of chancery under the former equity practice."

And, after quoting the statute:

"Under this provision the court may partition the property under the broad principles of equity which govern courts in the administration of justice." (p. 832.)

It is the general rule that a court, in decreeing partition, has power to adjust the equitable rights of all the parties interested in the estate, so far as they relate to and grow out of the relation of the parties to the common property. (*Thresher Co. v. Judd,* 104 Kan. 757, 180 Pac. 763.)

Appellant contends that the action is not brought in the proper forum for an accounting. But the plaintiff chose this forum and is in no position to complain on that ground. Appellant contends that a proper accounting, such as asked for by appellees, would require the consideration of property situated in other states—Missouri and Oklahoma. But it is a principle of law, applicable to courts of equity, that such a court, having assumed jurisdiction of the subject matter, will reach out and draw into its consideration and its determination the entire subject matter, and bring before it all the parties interested therein, in order that a complete and effectual final decree, adjusting the rights of all parties, may be entered and enforced. (*Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096; *Appel v. Smith,* 105 Kan. 732, 185 Pac. 903; the same case on rehearing, 106 Kan. 717, 190 Pac. 8.)

It is unnecessary to say much about the applications to intervene. It is clear from the allegations in these applications and from the answer of Helen Moffett, which are taken as true for the purpose of this appeal, that it will be necessary, to a substantial extent, for the trial court to treat the real property of the partnership as personalty, and to whatever extent that is necessary to be done the intervener, in its respective capacities, is a proper party to the action. Appellant contends that the Commerce Trust Company is intervening in two capacities which are in conflict. But we think there is no such conflict as would make it difficult for the trial court to ascertain and adjudicate the respective rights of the parties.

On the whole it seems quite clear that there should be such an accounting as is prayed for by the defendant and intervener in order to determine the respective interests of the parties in the land sought to be partitioned.

The judgment of the court below is affirmed.