No. 31,863

LILLIE LEANDER, Substituted as Party Plaintiff in Lieu of W. R. KAUFMAN, *Appellant*, v. JOHN MAIN, *Defendant*, and IRA HENDRICKSON, Substituted as Party Plaintiff in Lieu of W. R. KAUFMAN, *Appellees*.

(38 P. 2d 319)

Opinion filed December 8, 1934.

*W. N. Banks* and *O. L. O'Brien*, both of Independence, for the appellant.

*Richard L. Becker*, of Coffeyville, for appellee Ira Hendrickson, and *W. R. Hobbs*, of Independence, for appellee John Main.

The opinion of the court was delivered by

THIELE, J.: This was an action in forcible detainer. W. R. Kaufman was the owner of the south half of the southwest quarter and the north half of the southwest quarter of section 29, township 13, range 14 in Montgomery county. On December 4, 1931, he conveyed the land to Lillie Leander by a quit-claim deed, recorded February 1, 1933. On March 2, 1933, Kaufman brought his action in justice court to remove his tenant, John Main, and, on appeal, the matter was later tried in the district court. On April 24 Leander's affidavit that she claimed no interest in the land except as mortgagee was filed in the register of deeds' office. On May 5 Kaufman executed and acknowledged a document called a release and assignment of equity whereby he surrendered to Leander all his right, title, interest and equity of redemption in the south half of the northwest quarter to her. We shall consider this document as a quit-claim deed. On May 13 Leander moved to be substituted as party plaintiff for Kaufman. On May 20 she asked leave to withdraw her motion, and it was allowed. On June 2 the action was tried and judgment was rendered in favor of Kaufman and against Main for restitution of the premises.

The following transpired after the judgment was rendered, and it is on account of these subsequent matters the appeal is based.

On August 5, 1933, Kaufman made a general warranty deed of all lands mentioned to Ira Hendrickson, who, on August 9, moved to be substituted as party plaintiff. On August 16 Leander renewed her motion of May 13 to be substituted as party plaintiff, alleging that through error the north half of the southwest quarter of the section named was by mutual mistake omitted from Kaufman's release and assignment to her. On August 21 the court made an order substituting Hendrickson as party plaintiff so far as the north half of the southwest quarter is concerned, and Leander as party plaintiff so far as the south half of the northwest quarter is concerned, and on September 29, 1933, denied Leander's motion of August 16. On November 3 Hendrickson moved to dismiss Main so far as the north half of the southwest quarter is concerned, and on December 2 this motion was allowed over Leander's objection. Thereafter Leander appealed to this court, assigning as error the substitution of Hendrickson as a party plaintiff, the refusing to substitute Leander as party plaintiff so far as the north half of the southwest quarter is concerned, in dismissing the action against Main so far as it pertains to the last-described land, and in overruling Leander's motion for a new trial.

It appears that subsequent to the appeal being perfected the defendant Main vacated all of said real estate. Appellee Hendrickson filed his motion that this court dismiss the appeal for the reason the matter in controversy had become moot. That motion was submitted when the appeal was heard, at which time the further objection was made that the orders appealed from were not final orders and that an appeal does not lie.

The action was one in forcible detainer to recover possession of lands from a tenant, and when he vacated the lands there was nothing left to litigate. It may be remarked that there is no complaint made of the court's order of June 2, 1933, finding Kaufman entitled to restitution of all the premises involved from Main; the complaint arises out of the several attempts of Leander and Hendrickson, by post trial motions, to be substituted as party plaintiff, to try out the question as between them as to who is owner of the land and entitled to possession. If that is what they wanted, an action appropriate to that end should have been filed. The trial court was hearing only an appeal from the justice court, was trying only the question of right to possession as between landlord and tenant, and that did not warrant a quiet title suit or a suit in ejectment being

engrafted thereon. Whatever might be the rights growing out of Kaufman's conveyances to Leander and Hendrickson, when the tenant moved off the real estate the question at issue in the forcible-detainer action became moot.

As to the contention that the orders of substitution are not appealable orders and that the appeal should be dismissed for that reason, little need be said. It was held in *Howard v. Bank,* 107 Kan. 489, 192 Pac. 746, that—

"Neither an order of substitution made under section 42 of the code of civil procedure nor an order making additional parties defendant under section 35 of the code is a final order, and an appeal cannot be taken from either." (Syl. ¶ 2.)

See, also, *Moffett v. Moffett,* 131 Kan. 582, 584, 292 Pac. 947.

The only other point raised in the specifications of error concerns the court's order of November 3, 1933, dismissing the action against Main so far as the north half of the southwest quarter is concerned. That was a final order, but any question about its validity became moot when Main left the land.

From what has been said it appears the appeal should be, and it is, dismissed.