## MATTHEW K. SAMPLE v. ELIZABETH SAMPLE.

1. PARTITION—*Practice—Review on Error.* In an action for partition, where one of several defendants files a motion to require the plaintiff to amend his or her petition: First, by striking out certain matter designated in the motion as redundant and irrelevant; second, by separately stating and numbering the several causes of action supposed to be alleged in the petition; and this motion is overruled by the court, and such defendant then files a demurrer to the petition, setting forth all the statutory grounds for demurrer, which demurrer the court overrules, and such defendant brings the case to the supreme court: *Held,* That the supreme court will not reverse the order and judgment of the district court merely because the petition may contain irrelevant and redundant matter.

2. ———— *Irrelevant, Redundant and Immaterial Matter.* In such an action, where the plaintiff is a widow, and asks for partition of the real estate that belonged to her husband at the time of his death, and asks for only one-half of such real estate, *held,* that allegations in the petition concerning an ante-nuptial contract between herself and her husband, and concerning money and property delivered by her to him in pursuance of such ante-nuptial contract and subsequent transactions concerning such money and property, are irrevelant, redundant, and immaterial.

3. ———— *Irrelevant Allegations.* And in such case, where the widow claims under the statutes of descents and distributions, and not under any will, *held,* that all allegations in the petition concerning a will are irrelevant, redundant, and immaterial.

4. ———— *Redundant Allegations.* Also *held,* in such a case, that all allegations in the petition concerning a homestead interest in a part of the real estate are irrevelant, redundant, and immaterial.

5. ———— *Consistent Allegations.* Also *held,* in such a case, that allegations in the petition concerning the appointment of an executor or administrator are not inconsistent with the action for partition, where it is further alleged that the personal property is amply sufficient to pay all the debts of the estate and all the costs of administration.

6. ———— *Allegations; No Separate Cause of Action.* In such a case, where the petition further alleges that one of the heirs, who is also a defendant in the action, had fraudulently procured a deed from the deceased for a portion of the land, which deed had never been executed or delivered, *held,* that such allegations do not necessarily constitute a separate and independent cause of action, but may be considered as constituting a part of the facts constituting the cause of action for partition.

7. ——— *Allegations; No Distinct Cause of Action.* And in such a case, where the petition further alleges that the legal title to a portion of the land was in one of the heirs, a defendant in the action, and that such heir held the legal title in trust for the deceased at the time of his death, and that the deceased at the time of his death was the equitable owner of the land, *held,* that such allegations do not necessarily constitute a separate and distinct cause of action, but may be considered as a part of the allegations constituting the cause of action for partition.

8. PARTITION, *Who May Maintain.* Any person who has an undivided interest in real estate may commence an action for partition without joining with him or her as plaintiffs any of the other interested parties. The other interested parties may be made defendants.

### *Error from Morris District Court.*

ACTION brought by *Elizabeth Sample* against *Matthew K. Sample* and twelve others, for the partition of certain real estate. To plaintiff's amended petition the defendant *Matthew K. Sample* filed a demurrer, which the court overruled at the November Term, 1884. This ruling the defendant brings here for review. The opinion states the case.

*Ed. S. Waterbury,* for plaintiff in error.

*Buck & Feighan,* and *Ritchie & Miller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Elizabeth Sample against Matthew K. Sample and twelve others, to have the east half of section 33 and the west half of section 34, township 14, range 19, in Morris county, partitioned between them, the plaintiff claiming an undivided half-interest in the land. The petition is very lengthy, containing some allegations which affect all the defendants, some which affect only a portion of them, some which affect one portion, and some another; and all the matters and things alleged in the petition are set forth in one count. Matthew K. Sample filed a motion to require the plaintiff to amend her petition: First, by striking out certain matter designated in the motion as redundant and irrelevant; second, by separately stating and num-

bering the several causes of action supposed to be alleged in the petition. This motion was overruled by the court. Matthew K. Sample then filed a demurrer to the petition, setting forth all the statutory grounds for demurrer, which demurrer was first sustained by the court, and then the plaintiff amended her petition, and the demurrer was then refiled, resubmitted, and overruled by the court; and of this ruling Matthew K. Sample complains, and now brings the case to this court for review.

It will be perceived that the only questions arising in this case are between Elizabeth Sample and Matthew K. Sample; hence we shall not attempt to discuss any of the questions which may possibly arise in the case as between the plaintiff and the other defendants, or between Matthew K. Sample and his co-defendants; for what such questions may be we cannot now tell.

Matthew K. Sample complains that the petition contains irrelevant and redundant matter. We think it does, or at least we think it does as between Matthew K. Sample and Elizabeth Sample; but none of his substantial rights have been materially prejudiced thereby. Besides, we can consider the question of irrelevancy and redundancy only so far as the same may have entered into or may have affected the ruling of the court below upon the demurrer. A petition in error will not lie from the ruling of the court

1. Review on error; practice.

below upon the motion to strike out, etc., but only from its ruling upon the demurrer. But even if the motion to strike out had been sustained, and if all the irrelevant and redundant matter had been stricken out of the petition, still we do not think that the striking out of the same would have made the petition any better or any worse, as between the plaintiff and Matthew K. Sample. Hence we shall consider all matters that are merely irrelevant or redundant as wholly immaterial in the case as it is now presented to this court.

Matthew K. Sample complains of allegations in the petition with reference to an ante-nuptial contract between Elizabeth

Sample and Matthew Sample, and moneys and property delivered by Elizabeth Sample to Matthew Sample in pursuance of such ante-nuptial contract, and of subsequent transactions concerning such moneys and property; but these allegations, so. far as they affect the plaintiff's cause of action, we think, are wholly irrelevant, immaterial, and redundant, for the following reasons: Matthew Sample and Elizabeth Sample were husband and wife; Matthew K. Sample was their son; Matthew Sample died, leaving Elizabeth Sample, his widow, Matthew K. Sample, their son, and other children and grandchildren, as his heirs; and whether there was any ante-nuptial contract, or not, whether Elizabeth Sample furnished any money or property to Matthew Sample, or not, and whatever may have been done with reference to such money or property, still Elizabeth Sample is entitled under the statutes of descents and distributions to one-half of all her deceased husband's real estate not necessary to pay debts; and this is all which she now seeks to obtain. All that she claims is, one-half of the real estate which she alleges her husband owned when he died, and which is not necessary to pay debts; and she asks that this half shall be set apart to her by this present action for partition. This is really the only object of her action, though many other matters and things are alleged as incidental thereto.

2. Irrelevant and redundant allegations.

Matthew K. Sample also complains of allegations in the petition concerning a will executed by Matthew Sample prior to his death. Now as Elizabeth Sample claims nothing under the will, but claims only under the statutes of Kansas, it makes no difference between her and Matthew K. Sample as to what the will contains, or whether it is valid or invalid. Even if, by the will, Matthew Sample devised all his real estate to Matthew K. Sample, yet it would make no difference with respect to Elizabeth Sample's rights, for she claims under the statutes of descents and distributions, and not under the will; and under the statutes of descents and distributions she is entitled to one-half of Matthew Sample's estate not necessary to pay debts, regardless of what the will

3. Immaterial allegations.

contains.  A husband cannot devise or bequeath more than one-half of his property from his wife.  She may, if she chooses, take one-half of all his estate, regardless of any will which he may have.

Matthew K. Sample also complains of certain allegations in the petition, tending to show a homestead interest of Eliza-

4. Immaterial allegations. beth Sample in a part of the real estate in controversy; but these allegations are also wholly immaterial, because Mrs. Sample, as before stated, claims only one-half of the real estate; and this she is entitled to receive, whether any part of the property was ever the homestead of herself, or her husband, or was never the homestead of either.

Matthew K. Sample also complains of certain allegations with respect to his appointment as executor or administrator

5. Allegations, how considered. of the estate of Matthew Sample, deceased.  These allegations we think may be considered either as redundant and immaterial, or as showing, along with other allegations, that the entire estate may, notwithstanding the administration, be properly partitioned.  For in connection with these allegations it is further alleged that the personal property is amply sufficient to pay all the debts of the estate and all the costs of administration, and hence that it is not necessary to sell any of the real estate.  If, however, the real estate should be partitioned and afterward it be found that the personal assets were not sufficient to pay all claims against the estate, then the real estate or a portion thereof could be sold to satisfy such claims.

Matthew K. Sample also complains of certain allegations in the petition with regard to deeds for a portion of the land, purporting to have been executed by Matthew Sample in his lifetime to Matthew K. Sample.  Elizabeth Sample alleges that in fact these deeds were never delivered, but were procured by Matthew K. Sample by fraud and without consideration.  Matthew K. Sample claims that the allegations concerning these deeds constitute a separate and distinct cause of action from the cause of action for partition.  Now such allegations might in some cases constitute a separate and dis-

Sample v. Sample.

tinct cause of action, but in this present action they are not inserted in the petition for that purpose. They are inserted in the petition merely for the purpose of showing where the title to the property in controversy exists; they are inserted in the petition only for the purpose of showing that in fact and in equity the property belongs to the estate of Matthew Sample, deceased, and is really not the property of Matthew K. Sample, as it would seem to be, and that it as well as the other property may rightfully be partitioned between Elizabeth Sample and the other heirs.

While the allegations may seemingly relate to a separate cause of action, yet, in fact, as will be seen from the prayer of

6. No separate cause of action stated. the petition, they are intended to relate only to the action for partition, and are simply parts of the statement of the cause of action for partition. If the land belonged in law or equity to Matthew Sample at the time of his death, as is alleged, then Elizabeth Sample has a right to one-half of it, and the right to have it partitioned; and these allegations show that it did in fact belong to Matthew Sample at the time of his death, although apparently it may seem to have belonged to Matthew K. Sample. She simply shows that the deeds from Matthew Sample to Matthew K. Sample were never executed; that they were never delivered, but were in fact procured by fraud, and therefore that Matthew Sample still owned the land when he died; and may she not show this for the purpose of partition? The theory of the code is not to split up into several causes of action what might reasonably be united into one cause of action; for such would increase litigation, and create a multiplicity of suits.

Matthew K. Sample also complains of certain allegations with regard to Matthew K. Sample's holding the legal title to certain other portions of said land in trust for Matthew Sample, and that the land was really and in fact owned by Matthew Sample at the time of his death. What we have said with respect to the allegations concerning the land purporting to have been conveyed by Matthew Sample to Matthew K. Sample will apply to the allegations concerning this land.

If this land was really and in fact held in trust by Matthew K. Sample for his father, Matthew Sample, then Matthew Sample's interest therein would descend to his heirs in the same manner as though he had possessed the legal title to the land, and Elizabeth Sample would have a right to one-half of such land and to have the land partitioned; hence these allegations with regard to Matthew K. Sample's holding the land in trust for his father are proper allegations to be inserted in this present action for partition. It is true that these allegations might furnish the basis for a separate and independent cause of action, if the plaintiff and the other heirs had chosen to use them for such a purpose; but as the plaintiff has stated them in this present action, they are only incidents or constituent parts of the more general cause of action for partition. In other words, what might have constituted a separate and independent cause of action if the parties had chosen to use them as such, are used in this action as a part of a more extended cause of action.

7. No separate cause of action.

There are certain other allegations with regard to a certain trust deed and mortgages, held by other defendants, of which Matthew K. Sample complains; but these allegations are wholly immaterial as between Elizabeth Sample and Matthew K. Sample, and hence we shall make no further mention of them.

Considering this case as an action for partition, and an action for partition only, there was certainly no defect of parties, either plaintiff or defendant, and no misjoinder of either causes of action or parties. Any person who has an undivided interest in real estate may commence an action for partition without joining with him or her as plaintiffs any of the other interested parties. The other interested parties may be made defendants; but they need not be made plaintiffs; and so far as is shown in this case, every person who has or might claim to have any interest whatever in the real estate in controversy has been made a party. The statute regulating the action for partition is article 26 of the civil code.

8. Partition, who may maintain.

The order and judgment of the court below will be affirmed.

All the Justices concurring.