C. M. RAYNSFORD *et al.* v. ESTELLA HOLMAN *et al.*
No. 13,427.   (74 Pac. 1128.)

Error from Ellis district court; LEE MONROE, judge. Opinion filed January 9, 1904.   Affirmed.

*Reeder & Reeder*, and *David Rathbone*, for plaintiffs in error.

*A. D. Gilkeson*, for defendants in error.

*Per Curiam:* This was an action to partition a tract of land which had been jointly owned and held by E. G. Raynsford and C. M. Raynsford.   E. G. Raynsford died while the land was so held, and, after his personal estate had been administered, the brother claimed that the land was partnership property, and undertook to have it administered upon and sold to satisfy partnership debts.   The heirs of the deceased denied the claim, and contended that the land was not affected by the probate proceedings because it was not partnership property; that E G. Raynsford was not a resident of Kansas when he died, and that therefore the probate court acquired no jurisdiction over the estate.

Whether or not the land was partnership property was the principal issue in the case, and the trial court appears to have found that it did not belong to the partnership, but was the individual property of the deceased, and, at his death, descended to his heirs, among whom it was partitioned in proportion to their respective rights.   Whatever the testimony may have shown as to the relations of the brothers in some lines of business, it tends to show that the land in question was held as individual property, and was so treated by them in their actions concerning it.   It appears, too, that E. G. Raynsford removed from Kansas to California in 1887.   Later he went to Louisiana, where he died in 1895.

In view of the finding of the trial court, supported, as it is, by sufficient testimony, it cannot be held that the district court was without jurisdiction, or that the parties were estopped by any proceedings in the probate court from insisting upon a partition of the land.

The judgment of the district court will be affirmed.