### JOHN R. GOODNOUGH v. EVA WEBBER.
#### No. 14,882   (88 Pac. 879.)
##### SYLLABUS BY THE COURT.

1. CASE-MADE—*Notice of Order Extending Time to Serve—Statute Not Mandatory.* The provision of section 3 of chapter 320, Laws of 1905, requiring notice to be served upon the adverse parties of an order extending the time to make and serve a case-made is directory and not mandatory. The giving of such a notice is not a condition precedent to the validity of the order.

2. JUDGMENTS—*Suit for Partition—Decree Quieting Title in Defendant.* In a suit for partition of real estate, where the answer is in the nature of a cross-petition, and asks affirmative relief, the court has power, if the evidence warrants, to decree the title of the real estate to be in the defendant and to quiet such title.

3. STATUTE OF LIMITATIONS — *Advancements — Accounting between Devisees.* In an accounting between the heirs or devisees of an estate to determine their distributive shares, moneys or property received by one of them from the estate in the nature of advancements are properly charged against his share, notwithstanding the statute of limitations may have run since the payments or advancements.

Error from Washington district court; WILLIAM T. DILLON, judge. Opinion filed February 9, 1907. Affirmed.

*J. W. Rector,* and *N. F. Graham,* for plaintiff in error.

*Charles Smith,* for defendant in error.

14—75 KAN.

The opinion of the court was delivered by

PORTER, J.: A motion to dismiss is founded upon the failure to serve the adverse parties with notice of an order of extension of time in which to serve the case-made, in compliance with section 3 of chapter 320, Laws of 1905. That section authorizes the court or judge before whom a case has been tried to order an extension of time, and provides that the order shall be filed with the clerk of the court and that the party applying for the extension shall immediately, upon securing and filing the order, give notice in writing of such extension to the adverse parties by serving a copy of such order.

The contention is made that the failure to give this notice destroys the force and effect of the order, and that the consequence of such omission is the same as though the order had never been made. This would be true if the giving of the notice were made jurisdictional—that is, if the statute required notice to be given the adverse parties before the court or judge should have the power to make the order. Although the words used are mandatory in form, the provision is merely directory. Authority is granted to make the order; there is a direction that notice shall be immediately given to the adverse party, but no provision that if the direction is not complied with the order shall be set aside or annulled, or in any manner affected. The requirement that notice shall be given is a condition subsequent. If it were a condition precedent to the power to make the order it would be jurisdictional.

The failure to comply with a provision merely directory is attended with no consequences, while serious results would follow the neglect to comply with one which is mandatory. This is a fundamental difference generally recognized by the authorities. (Sutherland, Stat. Constr. § 446.) There is nothing in the act to suggest a purpose in the legislature to make the giv-

ing of the notice a condition precedent to the validity
of the order of extension.

"Provisions are directory where they relate to some
immaterial matter not of the essence of the thing to
be done; where a compliance is matter of convenience
rather than substance; where the departure from the
statute will cause no injury to any person affected by
it." (Sutherland, Stat. Constr. § 455.)

· No valid reason can be suggested which would re-
quire the construction contended for. The adverse
party suffers no loss or prejudice by a failure to know
immediately that the order has been made. His rights
are protected to the same extent as though he had the
notice earlier.

Plaintiff brought suit for a partition of real estate,
consisting of a house and lot in Washington, Kan. The
petition set out a copy of the last will of plaintiff's
wife, Mary Goodnough, who died in May, 1901, and
alleged a final settlement of her estate. By the terms
of the will all of her property, after payment of the
debts and some small bequests, was to be divided
equally between plaintiff and defendant.

The answer denied that a final settlement of the
estate had been made, and alleged that plaintiff had
received more than his share of the property and asked
for an accounting. It claimed that the real estate be-
longed absolutely to defendant, and asked that her title
thereto be quieted. It was also alleged that plaintiff
was indebted to his wife at the time of her death; that
certain payments were made to him by the executor of
the estate; and that he had taken from the person and
clothing of his wife immediately after her death cer-
tain securities and cash, for which he had never ac-
counted.

There was a trial by the court, and findings of fact
and conclusions of law were made. Among the find-
ings of fact the court made the following:

"The court further finds that immediately after the
death of the said testator, Mary Goodnough, the plain-

tiff went to her and took from her clothes or some part
of her person, either the money and certificates of de-
posit, or a key to the bureau drawer in which said
money and certificates were kept, and thereby procured
possession of $250 in money and $300 in certificates
of deposit; that the plaintiff by this means procured
$550 of the assets belonging to the said estate, and that
he drew the money upon said certificates of deposit."

The court also found the actual value of all property
belonging to the estate of Mary Goodnough, and that
plaintiff had received his share of the estate in cash
and personal property, including the money taken by
him after her death.

As conclusions of law the court held that any claims
against plaintiff for debts owing from him to his wife
at the time of her death were barred by the statute of
limitations, but that the statute had not run in his favor
against the $550 taken after her death. Defendant was
decreed to be the absolute owner of the real estate,
and her title thereto was quieted as against plaintiff.

There is a claim of error in admitting over plaintiff's
objection the testimony of the husband of defendant
in reference to an alleged contract of settlement be-
tween the parties. When the testimony was offered
the court overruled the objection for the time being,
but in the first conclusion of law the court sustains the
objection and expressly refuses to consider the testi-
mony of the husband. Without such finding the pre-
sumption would have been that the testimony was not
considered by the court. (*Olathe v. Cosgrove,* 71 Kan.
885, 81 Pac. 1131.) The express ruling out of the
evidence and refusal to consider it avoid the necessity
for indulging the presumption, and eliminates every
suggestion of error.

It is seriously contended that the court erred in treat-
ing the action as one to quiet title to real estate and not
as a suit in partition. Because the court failed to ap-
point commissioners to divide the property it is argued
that the statutory provision in relation to partition

suits was not followed. No authorities are cited, probably for the reason that none can be found. The answer was in the nature of a cross-bill asking affirmative relief. Plaintiff might have asked an accounting and for partition, and at the same time for the quieting of the title to the real estate. (15 Encyc. Pl. & Pr. 805.) The defendant might avail herself of the same privilege. In *Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096, the power of the court in partition proceedings to make all orders and findings necessary to protect the interests and rights of all the parties is quite fully discussed. (See, also, *Sarbach v. Newell,* 28 Kan. 642; *Phipps v. Phipps,* 47 Kan. 328, 27 Pac. 972.)

There was, of course, no occasion for the appointment of commissioners to divide the real estate. Plaintiff was found not to have any interest in it, and it was decreed to belong absolutely to defendant. Plaintiff took his share of the estate, subject to all existing equities in favor of the estate and against himself. (*Head v. Spier,* 66 Kan. 386, 71 Pac. 833.) He had received money which equity and conscience required should be charged against him as so much advanced him from the estate. The statute of limitations cannot prevent the estate's being credited with payments made to him. The settlement of estates is often deferred beyond three years. It would hardly be contended that when such an estate came to be settled finally an heir could be heard to insist that any payments made to him more than three years before should not be taken into account in determining his distributive share.

The findings of the court are fully supported by the evidence, and the conclusions of law necessarily follow.

The judgment is affirmed.