No. 19,743.

FRITZ RIPPE, *Appellant,* v. WILLIAM WEITERS, as Administrator, etc., *Appellee.*

#### SYLLABUS BY THE COURT.

LAND BELONGING TO ESTATE—*Payment of Debts—Partition—Sale—No Innocent Purchaser.* A purchaser at a partition sale of lands belonging to the heirs of the deceased owner takes title subject to general claims against the estate which can not be realized out of the personal property.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed December 11, 1915. Affirmed.

*Edgar Bennett,* and *Charles W. Clarke,* both of Washington, for the appellant.

*A. J. Freeborn,* and *J. R. Hyland,* both of Washington, for the appellee.

The opinion of the court was delivered by

WEST, J.: Certain lands were partitioned and sold, the plaintiff being the purchaser and receiving a deed. During the pendency of the partition suit a claim was filed in probate court against the estate of the deceased owner of the land. The claim was allowed prior to the sale in partition. The claimant was the wife of one of the defendants in the partition suit, and her attorney appeared therein in district court as attorney for her husband. It was alleged that she had full actual notice

and knowledge of the pendency of the partition suit but permitted the plaintiff to purchase without objection, he relying on such failure to object as a waiver. After the sale of the land the administrator advertised it for sale to satisfy the claim in question, and the purchaser at the partition sale brought this action to enjoin the administrator's sale. A demurrer to the petition was sustained. The question is, whether or not on the death of the owner of the land his estate went to his heirs subject to the payment of his debts so as to include the claim in question as against the purchaser in partition. The plaintiff contends that it was the business of the claimant to intervene in the partition suit, and that not having done so she can not question the title of one who purchased and paid full value, while the defendant seeks to maintain that the purchaser paid his money knowing that the land he bought might be called upon to respond for debts of the deceased in case the personal property should not be sufficient.

Authorities from other states are cited, but such decisions being usually controlled by local statutes do not shed much light upon the question now under consideration. Both by statute and by decision, however, all doubt is removed from the rule that upon the decease of its owner the title to real property left by him descends directly to the heirs, subject, if necessary, to the payment of his debts. (Gen. Stat. 1909, §§ 2935, 2952; *Black v. Elliott,* 63 Kan. 211, 215, 65 Pac. 215; *Spencer v. Barker,* ante, p. 360, 364; 18 Cyc. 692; 30 Cyc. 198.)

It is also the rule that in a partition suit all the interests of the parties thereto may by proper pleading be fully determined. (Civ. Code, § 648; *English v. English,* 53 Kan. 173, 35 Pac. 1107; *Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096; *Goodnough v. Webber,* 75 Kan. 209, 88 Pac. 879; *Sawin v. Osborn,* 87 Kan. 828, 126 Pac. 1074.) But the statute requires only that lien holders be made parties. (Civ. Code, § 637; *Hazen v. Webb,* supra.) It has been said that under no circumstances should general creditors be made parties to an action in partition. (*Sheehan v. Allen,* 67 Kan. 712, 714, 74 Pac. 245.)

In *Sample v. Sample,* 34 Kan. 73, 8 Pac. 248, it was said:

"If, however, the real estate should be partitioned and afterward it be found that the personal assets were not sufficient to pay all claims against the estate, then the real estate or a portion thereof could be sold to satisfy such claims." (p. 77.)

In *Thomas v. Williams,* 80 Kan. 632, 103 Pac. 772, it was held that one who buys land from the devisees seven years after the death of the testator, while resident of another state, is not protected as an innocent purchaser against proceedings thereafter brought to subject such land to the payment of debts of the estate. At the close of the opinion it was said:

"Price, the purchaser of the land, stands upon no better footing than the devisees. He knew that his grantors acquired title through the will of William E. Jones, and was presumed to know that under the law the property might be charged with the payment of any indebtedness of Jones owing to a creditor who had not lost his remedy by inaction. He had no right to regard the mere lapse of time as proof that no such indebtedness existed. He was bound at least to inquire whether a settlement of the estate had been had, and a pursuit of that inquiry would necessarily have advised him of all the facts." (p. 640.)

No question of limitation or laches is raised, and it must be held that when the plaintiff purchased the land at the partition sale he took title subject to valid claims against the estate which the personal property was not sufficient to pay.

The judgment is therefore affirmed.