No. 20,495.

JENNIE MACKEY, *Appellant*, v. CELIA MACKEY and LORA MACKEY, a Minor, etc., *Appellees*.

SYLLABUS BY THE COURT.

1. PROCEEDINGS IN PROBATE COURT — *No Bar to Partition Suit.* The pendency of administration proceedings in the probate court does not necessarily bar a suit in partition in the district court.

2. PARTITION — *Accounting between Cotenants — Properly Adjusted.* Where the claims against the personal estate in the probate court have been adjudicated they may properly be considered in an incidental accounting which arises in the partition suit.

3. PARTITION—*Unsurping Cotenant—Accounting—Rents.* Where upon competent evidence the fact is ascertained by the district court that a cotenant excluded her cotenant from possession of property, the fair rental value of the property may properly be charged against the unsurping cotenant in an incidental accounting which pertains to the partition suit.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed January 6, 1917. Affirmed.

*P. Hayes*, of Atchison, for the appellant.

*T. A. Moxcey*, and *Ralph U. Pfouts*, both of Atchison, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a decision of the district court in an action in partition. The principal facts may be briefly stated: Patrick Mackey and Bridget Mackey, his

wife, in their lifetime made an agreement for separation and division of their property, the legal title to all of which was and remained in Patrick. Bridget was given a residence property, in which she and her daughter, Jennie Mackey, the plaintiff, resided until the death of Bridget, intestate, in 1912. Jennie continued to reside thereat after Bridget's death. Patrick had died intestate in 1909. Defendant Lora Mackey, a minor, is a daughter of Jennie's deceased brother, and is a granddaughter of Patrick and Bridget. Jennie and Lora are their only heirs. After Bridget's death, letters of administration were issued on her estate, which consisted of her equitable ownership of the residence and an inconsiderable amount of personal property. Bridget also left some debts due to Jennie, who lodged her claims therefor in the probate court.

Some time later Jennie commenced this action against Lora and Lora's mother for the partition of the property of Patrick. Lora's mother disclaimed. Lora's guardian *ad litem* prayed that the residence property, the legal title to which was in her grandfather, Patrick, and the equitable title to which had been in her grandmother, Bridget, should also be partitioned; and she claimed rents for the time the plaintiff had exclusively occupied the residence of Bridget after the latter's death.

The court partitioned all the property, and in an incidental accounting gave plaintiff credit for certain expenses in connection with the property, charged her with certain rents collected, and found that the plaintiff had excluded the defendant and should be charged with the rental value of the Bridget property.

The plaintiff contends that the district court usurped the jurisdiction of the probate court as to the residence property. We think not. The pending administration of Bridget's personal estate did not necessarily bar the heirs from their right of immediate partition of the realty. (*Raynesford v. Holman,* 68 Kan. 813, 74 Pac. 1128; *O'Keefe v. Behrens,* 73 Kan. 469, 479, 480, 85 Pac. 555.) Cases there may be where partition is wisely deferred until the personal estate is settled, for it may happen that the realty may have to be heavily drawn upon to satisfy the claims against the personal estate. (30 Cyc. 198.) But even in such cases, it is not necessarily error to partition the realty, because it will not be relieved from satis-

fying the claims against the personal estate on that account. (*Sample v. Sample,* 34 Kan. 73, 77, 8 Pac. 248; *Thomas v. Williams,* 80 Kan. 632, 640, 63 Pac. 772; *Rippe v. Weiters,* 96 Kan. 738, 153 Pac. 536.) Moreover, in this case the claims against the personal estate had been determined and adjudicated ere the decree in partition was entered; and credits due the plaintiff from the personal estate were balanced against claims due from her for rental collections, etc., in the partition suit. This was entirely proper. It does not appear that there were any claims against Bridget's estate except those of the plaintiff.

Again, it should be noted that the plaintiff does not show how the partition of the residence property prejudiced her (Civ. Code, § 581) nor how two partition suits—or partition of her father's property in the district court and an administrator's sale of her mother's in the probate court—would have redounded to her advantage. It would have been more expensive at least.

Touching another point urged, which relates to the finding of the trial court that the plaintiff had excluded her cotenant, Laura, in the occupancy of Bridget's residence, it may be conceded that such exclusion would never be presumed. (*Cribb v. Hudson,* ante, p. 65, 160 Pac. 1019.) But there was substantial evidence which tended to establish that fact, and the familiar rule as to trial court's determination thereon must govern.

The judgment is affirmed.