No. 26,336.

ELLEN V. BLACKWOOD et al., *Appellants*, v. R. U. BLACKWOOD et al., *Appellees*.

### SYLLABUS BY THE COURT.

DESCENT AND DISTRIBUTION—*Rights and Liabilities of Heirs*. The heir of a decedent is entitled to his distributive share of real property belonging to the estate only after all equities in favor of the estate against him personally have been satisfied.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed. January 9, 1926. Reversed.

*C. Vincent Jones,* of Clay Center, *R. D. Armstrong* and *D. B. Lang,* both of Scott City, for the appellants.

*George L. Davis,* of Clay Center, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: William Blackwood died intestate. A son who had owed him, being unable to pay the estate in money, with approval of the probate court, conveyed a quarter section of land to the administrator. In the final order of distribution, the court divided the land in question among those found entitled to a distributive share. A daughter of the deceased was found to owe the estate more than her distributive share, and was allowed no part of the land. She filed no appeal from the order of the probate court, but later, and after the time to appeal had expired, claimed an interest in the land. In an action to quiet the title against her, the plaintiffs who had been found by the probate court entitled to the land pleaded the probate proceedings by way of reply in bar of her interest. A demurrer to the reply was sustained, and plaintiffs appeal.

The defendant contends that the probate court had no jurisdiction to determine the distributive interest of the heirs in the land, and that the proceedings were therefore void. The plaintiffs contend that the judgment of the probate court is binding on the defendant because she took no appeal, and that an indebtedness owing by an heir to his ancestor, remaining unpaid on the final settlement of the estate, constitutes an equitable lien upon such heir's distributive share of the real property belonging to the estate.

In *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86, an only heir as-

Descent and Distribution, 18 C. J. p. 883 n. 23; 9 R. C. L. 108.

signed his interest in an estate to his daughter, who was the administratrix. She filed her final account and published notice of final settlement. He filed no appeal from the final settlement, but by an action in the district court undertook to set aside the assignment on the ground that it had been procured by fraud. It was held that the probate court had jurisdiction to determine to whom the funds should go, and that its order in that regard, where no appeal was taken, was final and binding. It was said:

"Specific authority is conferred upon the probate court to settle the accounts of administrators, and to order the distribution of the estate of deceased persons, and having jurisdiction to make distribution of an estate, it follows as a necessary incident to the jurisdiction that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate." (Syl. ¶ 1.)

In *Holden v. Spier*, 65 Kan. 412, 70 Pac. 348, the administrator asked for a citation to Holden to appear and show cause why certain sums due from him to the estate on account, and on a note, should not be retained from his distributive share, and that the court determine how much, if any, should be paid him. Holden appeared, denied he owed the accounts, alleged the note had been paid, and asked that the administrator be ordered to pay him his distributive share without deduction. The probate court held he was indebted to the estate and that his indebtedness should be retained from his distributive share. In the opinion it was said:

"Several grounds of error are alleged here. The first is that the probate court had no jurisdiction to determine the alleged indebtedness of Holden to the estate, nor to render judgments on such ordinary liabilities against living persons. This cannot be regarded as an action by the administrators to recover money from Holden, nor to obtain a judgment in favor of the estate against him. It was within the power of the probate court to ascertain the extent of the estate and in whose hands the funds or assets of the estate were held; and also, to make such distribution as the law requires. Holden was claiming a share of the estate, and it devolved on the probate court to determine the amount of this share, and whether any portion of it was already in his hands. Before distribution could be made, it was necessary to ascertain the full amount of the fund to be distributed, and this could not be done until it was determined how much of the fund Holden held." (p. 414.)

In *Head v. Spier*, 66 Kan. 386, 71 Pac. 833, it was said:

"The heirs of a decedent, whether lineal or collateral, take their distributive share of the estate subject to all existing equities in favor of the estate against them personally and against any of those through whom they inherit." (Syl.)

The question was given serious consideration in *Wilson v. Chan-*

*nell,* 102 Kan. 793, 175 Pac. 95. There Martha Wilson died intestate, owning real estate. One of the heirs, H. O. Wilson, was indebted to her at the time of her death in a sum greater than his distributive share of the real estate. Sometime before that the Rush Manufacturing Company recovered a judgment against H. O. Wilson. After the death of Martha Wilson, and after her estate had been administered, the probate court, in its final order of distribution, found and entered an order that H. O. Wilson, at the time of the death of his mother and ever since, was indebted unto her and her estate in a sum in excess of any interest he might have therein, and that by reason thereof he had no interest in said estate, and none at the time of the death of his mother, and that all persons claiming an interest in the estate (in or through him) should be barred. The case came to this court on appeal in an action to quiet title. It was contended that the Rush Manufacturing Company, having obtained a judgment against H. O. Wilson, its judgment became a lien on the land inherited by him superior to the claim of the estate. After reviewing the authorities, it was held that the heir is chargeable with what he owes the estate; that what he has received is to be treated, for purposes of distribution, as a part of the estate, that is to say, the probate court had, in the final settlement, found and adjudged the indebtedness of H. O. Wilson to the estate was greater than his distributive share, for which reason he had no interest in the land. It was said:

"An indebtedness owing by an heir to his ancestor, remaining unpaid on the final settlement of the estate, constitutes an equitable lien upon such heir's distributive share of the real property belonging to the estate, superior to the lien of a judgment existing and docketed against him at the time of the death of his ancestor; and, after such final settlement, the interests of the other heirs in the real property are paramount to the lien of the judgment creditor." (Syl.)

The decision in the Wilson case is controlling here. (See, also, *Goodnough v. Webber,* 75 Kan. 209, 88 Pac. 879.)

The probate court has jurisdiction to ascertain who were heirs and the amount of the decedent's estate. It was the duty of the administrator to retain in his hands, for distribution to the other heirs, that portion of the estate which would otherwise have gone to those heirs who owed the estate more than their distributive portion. In a note to the Wilson case, reported in 1 A. L. R. 993, it is said:

"The rights of an executor or administrator to retain a legacy or distributive share from a debtor to the estate, and apply it to the indebtedness, has long

Loewenstein v. Missouri St. Life Ins. Co.

been recognized by the law as existing without any statute. It is not the technical right of set-off in actions of law. It is rather called, in the old cases, the right of retainer. It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain moral as well as legal duty of the debtor to pay his debts to the estate. He has had the value from the estate. He ought, in morals and law, to restore it. It needs no statute to affirm this duty. It is self-evident. *Webb v. Fuller* (1893) 85 Me., 443, 22 L. R. A. 177, 27 Atl. 346."

With approval of the probate court, the administrator executed quitclaim deeds to the respective heirs for their undivided interest in the real estate. Such deeds were unnecessary and availed nothing. The court's final settlement and judgment was sufficient evidence of the respective distributive shares.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.