CHARLES H. SOOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2882. Promulgated February 2, 1928.

*Neil E. Larkin, Esq.,* for the petitioner.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

OPINION.

MARQUETTE: The only question raised by this proceeding is whether monies paid by the petitioner as loans to his brother while the latter was in ill health, although expected to recover, but who died without repaying the loans, can be deducted from income as a bad debt.

The Revenue Act of 1918 provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

    \*        \*        \*        \*        \*        \*        \*

(7) Debts ascertained to be worthless and charged off within the taxable year.

The evidence before us shows that the petitioner advanced to his brother sums of money aggregating $5,000 or more after the brother became ill and before the petitioner knew that his brother could not recover; it shows that these monies were advanced as loans and not,

as urged by the respondent, out of brotherly affection merely; it shows that the brother had a well-paying position with a responsible company, which company continued to pay him a reduced salary all through his illness; it shows that the brother frequently told the petitioner that he would be repaid when the brother became able to work again. The evidence also shows that the petitioner, after he learned that his brother could not recover his health, did advance money to him, but that such advances were not treated by the petitioner as loans, nor so considered by him. The petitioner testified that he kept books of account in which he entered these financial transactions with his brother as loans, but that there were occasional gifts to his brother, particularly while the latter was in college, of small sums which were not considered as loans nor were they so entered upon the petitioner's accounts.

The respondent contends that the petitioner did not, in fact, lend to his brother the sums for which deduction is claimed, but that he gave these sums of money out of brotherly regard. With this view we are not in accord. Undoubtedly the petitioner did hold his brother in affectionate regard; it may be that he would have advanced the money even though he knew at the time that the brother could never repay. But we must be guided by what the evidence shows was done and intended, not by speculation as to what might have been done and intended under different circumstances. Loans with expectation of repaying are not incompatible with family affection.

Nor can we agree with the respondent in his view that the facts in this proceeding are precisely parallel with those in *Appeal of Richard M. Page*, 2 B. T. A. 1316. In that case the taxpayer at all times when the advances were made knew the financial condition of his brother and knew that he was not then able to repay anything. The taxpayer, however, charged all advances upon his books to an account in his brother's name and charged off as a debt ascertained to be worthless the above amount of $611.33 at the close of 1923.

In the case before us the petitioner has carefully excluded, in his accounts of loans to his brother, all amounts which were considered at the time to be gifts; and this is particularly true from and after the early part of 1919, when the petitioner had no longer any expectation that his brother would recover. We think that in this, and also in the matter of demonstrated earning capacity of his brother, the facts of the present case are sufficiently distinguished from those in the *Page* case, and the latter can not be considered a controlling authority in the present case.

The record discloses that the petitioner made loans to his brother with the full expectation, up to the early part of 1919, that they

would be repaid; repayment of other loans had been made by the brother from time to time. It appears that the brother had an excellent earning capacity and enjoyed a good, substantial salary up to the time his health failed. The brother, as well as the petitioner, considered the advancements as loans and he promised to repay them. In the light of all the facts before us we are of the opinion that the amount of $5,000 was loaned by the petitioner prior to 1919, and constituted a debt owing to the petitioner by his brother.

We are also of the opinion that this debt was ascertained to be worthless and charged off within the year 1919. The petitioner expected that his brother would recover until early in 1919, when he learned otherwise; the brother died in September of that year leaving no estate. During a very considerable portion of the year 1918 the brother's condition seemed to improve. We can not say, as a matter of law, that it was incumbent upon the petitioner to treat these loans as a bad debt and charge them off during the time his brother was showing improvement, nor so long as there was a reasonably justifiable belief that repayment could and would be made. The deduction, therefore, should be allowed as claimed by the petitioner.

*Judgment will be entered on 15 days' notice, under Rule 50.*