Grover Bowser v. Commissioner.
Bowser v. Commissioner
Docket No. 13578.
United States Tax Court
1948 Tax Ct. Memo LEXIS 127; 7 T.C.M. (CCH) 516; T.C.M. (RIA) 48137; July 29, 1948
*127 B. A. Earhart, Esq., Hutchinson, Kan., for the petitioner. William B. Springer, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $386.66 in petitioner's income and victory tax for 1943, in part by disallowing a deduction of $700 claimed on account of the worthlessness of a note. The proceeding was submitted upon a stipulation, which we hereby incorporate as findings of fact, and from which we find that petitioner, a resident of Hutchinson, Kansas, filed his 1943 income tax return with the collector of internal revenue for the district of Kansas. On this return he deducted the $700 as a loss, explaining "Loaned to relative, note outlawed $700.00." Petitioner made a loan of that amount to his father on February 24, 1923, receiving his father's 6 per cent promissory note of even date, payable February 24, 1924. The father, having paid nothing on the note, died in 1941. Petitioner asked payment of the estate's administrator who orally refused on the ground that the note was outlawed. Petitioner filed no claim with the administrator or the probate court. Administration was completed in *128 1943. Petitioner contests the Commissioner's disallowance of the $700 deduction, citing several cases in which unpaid loans to a deceased husband or relative have been held deductible: Commissioner v. Burdette, (C.C.A., 9th Cir.) 69 Fed. (2d) 410; Lena P. Wheeler, 40 B.T.A. 92; Elizabeth N. C. Hetherington, 20 B.T.A. 806; Charles H. Sooy, 10 B.T.A. 493, aff'd (C.C.A., 9th Cir.) 40 Fed. (2d) 634; A. O. Campbell, 6 B.T.A. 561. That such may be deductible if they meet the requirements of section 23(k), Internal Revenue Code, was assumed in the cited opinions, and we do not question the view. But the issues decided in those cases involved the character of the advance as a loan or a gift, the year in which ascertainment of worthlessness made deduction proper, or the effect of a widow's election concerning dower on her claims against the deceased husband's estate. Petitioner has not addressed his evidence to the establishment of any necessary conditions precedent for deduction of the debt due him. By virtue of section 124(d), Revenue Act of 1942, amending section 23(k), Internal Revenue Code *129 , a debt is deductible in the year in which it becomes worthless. Petitioner's note fell due in 1924 - seventeen years before the father's death, and nineteen years before the taxable year here involved. As section 60.306, Article 3, General Statutes of Kansas, provides that an action upon any promise in writing can only be brought within five years after the cause of action has accrued, collection of the note presumably became barred in 1929. Petitioner has not proved or even asserted its renewal, and we may not assume a revival of liability in the absence of evidence. Duffin v. Lucas, (C.C.A., 6th Cir.) 55 Fed. (2d) 786, cert. den. 287 U.S. 611. The administrator did not consider the estate liable, and as petitioner refrained from the filing of any formal claim, he would seem to have acquiesced in the view. If collection of the note was barred, moreover, the administrator could not properly have paid it from the estate's assets. Hammond v. Estate of Hammond, 150 Kansas 113; 91 Pac. (2) 19. Petitioner stresses, however, a reluctance manifested by the Kansas courts to deny an heir or legatee the payment of moneys advanced to a *130 decedent merely because the statute of limitations bars collection, citing Blackwood v. Blackwood, 120 Kansas 72; 242 Pac. 451. And he suggests that if petitioner's claim had been presented to a court, the administrator would have been required to pay. Without passing on the merits of the legal proposition, we would point out that it does not advance petitioner's position, for failure to enforce payment of a collectible note does not support a deduction. Griffiths v. Commissioner, (C.C.A., 7th Cir.) 70 Fed. (2d) 946; Thom v. Burnet, 55 Fed. (2d) 1039 (D.C. App.). Decision will be entered for the respondent.