VERA M. WALKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 8614-90
United States Tax Court
T.C. Memo 1992-416; 1992 Tax Ct. Memo LEXIS 438; 64 T.C.M. (CCH) 255; July 22, 1992, Filed *438 Decision will be entered under Rule 155. For Vera M. Walker, pro se. For Respondent: Roderick H. Fillinger. GALLOWAY
GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was assigned and heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
1986
$   820
$ 41.00
[1]
1987
1,867
93.35
[1]
After concessions [1] by petitioner, the issues for decision are: (1) Whether petitioner is entitled to deductions claimed in excess of the amounts allowed by respondent for (a) Schedule C automobile expenses in 1986 and 1987, (b) Schedule E rental depreciation expenses in 1986 and 1987, and (c) Schedule E rental painting expense in the year 1987; (2) whether petitioner is entitled to dependency exemptions *439 claimed for (a) her brother in 1986 and 1987, and (b) her mother and nephew in the year 1987; and (3) whether petitioner is liable for the above additions to tax. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided at 5067 Coad Drive, in Cincinnati, Ohio, during the years in issue and at the time she filed her petition in this case. Petitioner was 48 years of age at the time of trial and the oldest of 10 children. Petitioner's oldest sibling, Samuel Walker, Jr., died about 5 months before the date of the trial. The other siblings pertinent *440 to this proceeding are petitioner's brother Oliver Walker, and sisters Evelyn Walker and Valencia Walker, mother of nephew Antwan Walker. Petitioner owns a 3-story building located at 216 E. Liberty Street, Cincinnati (the E. Liberty building). During the taxable years, petitioner operated a family clothing store part-time on the ground floor of the E. Liberty building. New and used clothing was sold at this store. The upper floors of the E. Liberty building contained apartments which were rented to tenants. At the time of trial, petitioner had worked full-time as an income tax office auditor for the Internal Revenue Service (IRS) for 14 years. This position involved examination of tax returns filed by individual taxpayers required to substantiate their claimed business, nonbusiness, and rental expense deductions. Prior to her current position, petitioner had worked at the IRS as a secretary. Petitioner has a high school education. When she was assigned to the office auditor's position, petitioner was required to take accounting classes at the University of Cincinnati Evening College. Petitioner had conferences and opportunities to present her objections to respondent's *441 adjustments at both the audit examination level and with respondent's Appeals Office. The notice of deficiency was prepared by an Appeals conferee. As trial commenced, petitioner initially advised the Court that she did not bring with her any records to substantiate expenses remaining in dispute since these records had previously been presented to the IRS. When advised that the disputed items in issue must be substantiated again in this Court, petitioner conceded her claim to certain deductions in each year, as previously noted. Petitioner then requested from the Court, and was granted, an additional day to provide certain bank and other records she claimed would verify the disputed deductions remaining in issue. 1. (a) Schedule C Automobile Expenses - 1986, 1987
Respondent advised the Court that petitioner had been allowed a deduction for local 1987 auto expenses based on petitioner's records, including a mileage log. These records disclosed that petitioner's Dodge Caravan station wagon, purchased in 1986, was used in 1987 for business purposes 79 percent of the total time. No auto expenses were allowed for 1986 since petitioner furnished no mileage log or other records *442 for that year from which allowable business auto expenses could be calculated. Respondent did, however, allow petitioner a first year depreciation deduction on the Dodge Caravan for 1986. On the second day of trial, petitioner failed to produce a log or any evidence by which the Court could determine what portion of petitioner's auto expenses was for business purposes, and what portion was for personal purposes. While it appears that petitioner incurred some auto expenses in 1986 for local transportation, we are precluded from estimating deductions for local use of vehicles for taxable years commencing after December 31, 1985. See sec. 274(d)(4) pertaining to "listed property" defined in sec. 280F(d)(4), which includes passenger automobile and other property used for transportation. Accordingly, no auto expense deduction (except for depreciation) is allowable for 1986. Respondent is sustained on this issue. (b) Schedule E rental depreciation - 1986, 1987
Petitioner purchased her E. Liberty building in 1984. In computing the allowable depreciation expense for the building commencing in 1984, petitioner allocated 90 percent of the $ 25,000 purchase price ($ 22,500) to the *443 building. Respondent determined that petitioner's rate of depreciation was correct, but that petitioner incorrectly allocated the purchase price between the building and the land. Using 1985 property valuation figures obtained from the Hamilton County Assessor's Office, respondent allocated 58 percent of the $ 25,000 cost to the building with the remainder to the land, added closing costs, and allowed petitioner a revised yearly depreciation expense. Respondent's depreciation adjustments are presumptively correct. See Elliott v. Commissioner, 40 T.C. 304, 313 (1963). Petitioner has introduced no evidence tending to establish that respondent's revised calculation of depreciation based on a corrected allocation of the purchase price between land and building is incorrect. We therefore sustain respondent as to this issue. (c) Schedule E rental painting expenses - 1987
Petitioner is on the cash basis method of accounting. She claimed a deduction for 1987 rental painting expense in the amount of $ 3,100. Attached to petitioner's 1987 return was a printed invoice dated October 31, 1987, addressed to petitioner at her E. Liberty building address from W and *444 W Painting Co., describing the painting services performed on petitioner's apartment building. Respondent disallowed the rental painting expense claimed. Petitioner testified that she decided to have the E. Liberty building painted in the fall of 1987. Lacking the money to pay for the painting maintenance on the building, petitioner arranged to borrow money from her brother, Samuel Walker, Jr., to provide for the painting service. Mr. Walker was in several businesses [2] and was financially able to loan petitioner money. Petitioner agreed to repay Mr. Walker when she received a tax refund she was expecting after she filed her 1987 tax return. Petitioner filed her 1987 tax return on or about February 4, 1988, and received a tax refund of over $ 3,000. Petitioner paid her brother $ 2,500 by cashier's check *445 purchased by petitioner on March 16, 1988, from the Fifth Third Bank of Cincinnati. Respondent admits that petitioner paid her brother $ 2,500 in March 1988. However, respondent argues that petitioner is not entitled to the deduction because she did not provide a statement from her brother confirming that he loaned petitioner $ 2,500 to pay for painting the building in 1987. Respondent questions the legitimacy of the transaction because it is an intrafamily transaction. Intrafamily transactions are closely scrutinized, the presumption being that a transfer between related parties is a gift. Rude v. Commissioner, 48 T.C. 165, 172 (1967); Estate of Van Anda v. Commissioner, 12 T.C. 1158 (1949), affd. per curiam 192 F.2d 391 (2d Cir. 1951); Rodgers v. Commissioner, T.C. Memo. 1985-220. In many intrafamily transactions, the issue is whether a brother or sister or spouse may deduct as bad debts amounts paid to another sibling or spouse on the ground that the amounts represent unpaid loans. Here, the issue is whether a business deduction may be claimed by petitioner in 1987 for painting repairs performed *446 on petitioner's apartment building in that year with money allegedly borrowed from petitioner's brother. Mr. Walker being deceased, the only evidence consists of a 1987 invoice for the painting repairs, petitioner's $ 2,500 cashier's check paid to Mr. Walker in March 1988, which was alleged to be a repayment of petitioner's loan from Mr. Walker, and petitioner's testimony. Respondent has presented no tangible evidence to rebut petitioner's evidence and her credible testimony furnished on this issue. Respondent makes no contention that the $ 2,500 paid to Mr. Walker by petitioner was a gift. Mere suspicion does not outweigh evidence even when intrafamily transactions are involved. See Levitz v. Commissioner, a Memorandum Opinion of this Court dated August 29, 1952 (11 T.C.M. (CCH) 915, 21 T.C.M. (P-H) par. 52,267 (1952)). Petitioner is a member of a large family, some of whom live in poor financial circumstances. Petitioner testified that it was common for family members to help each other financially without providing a written record of loans or other financial assistance furnished. Loans with expectation of repayment being made are not incompatible *447 with family affection. See Sooy v. Commissioner, 10 B.T.A. 493, 495 (1928). Based on the record in its entirety, we hold that a debtor-creditor relationship was established between petitioner and her brother when Mr. Walker advanced petitioner certain sums used to pay for painting services performed on petitioner's E. Liberty building in 1987. A loan arrangement was established in 1987 when loan funds from Mr. Walker were credited to petitioner's account for painting services performed at the E. Liberty building during 1987. A "loan" may be defined as "the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor". See Black's Law Dictionary, 844 (5th ed. 1979). Petitioner has satisfied us that Mr. Walker loaned petitioner $ 2,500 in 1987, which was used to paint petitioner's E. Liberty building. We hold that petitioner is entitled to a 1987 painting expense deduction for $ 2,500. On the second day of trial, petitioner introduced into evidence a second cashier's check in the amount of $ 800. She claims that this amount represents the balance of the $ 3,100 W & W Painting invoice *448 plus interest paid to Mr. Walker, which was not claimed on her 1987 return. The cashier's check was purchased by petitioner on November 7, 1988. It was issued by the Fifth Third Bank of Cincinnati, payable to the order of Provident Bank of Cincinnati. Petitioner testified that she had a checking account at the Fifth Third Bank and mortgage loan and savings accounts at Provident Bank. She was unable to show that the disputed $ 800 was ultimately paid to Mr. Walker in cash or by another cashier's check. Since petitioner has not proved that the $ 800 in issue was paid to Mr. Walker, we hold that this amount was not part of the money originally loaned by Mr. Walker to petitioner in 1987. Accordingly, petitioner's allowable 1987 painting rental expense deduction is limited to $ 2,500. 2. Dependency Exemptions
(a) Oliver Walker (Brother) - 1986, 1987 (b) Leola Walker (Mother) - 1987 (c) Antwan Walker (Nephew) - 1987 Section 151(c) (1)(A) for 1987 and section 151(e)(1)(A) for 1986 allow a taxpayer to claim an exemption for each dependent (as defined in section 152) whose gross income is less than the exemption amount. Section 152(a) (3), (4), and (6), defines the term *449 "dependent" to include a brother, mother, or nephew, of a taxpayer who receives over one-half of his or her support from the taxpayer during the taxable year. A taxpayer bears the burden of proving that he or she provided over one-half of each dependent's support during each year for which the exemption is claimed. See Seraydar v. Commissioner, 50 T.C. 756, 760 (1968); Moody v. Commissioner, T.C. Memo. 1991-596. As part of this burden, the taxpayer must establish by credible evidence the total amount of the claimed dependent's support from all sources during the taxable year. Stafford v. Commissioner, 46 T.C. 515, 518 (1966). Respondent concedes that petitioner has met all the statutory tests required for claiming her brother, mother, and nephew as dependents except that she has not shown that she provided over half the support of any of the claimed dependents during the taxable years in issue. Petitioner in this case does not claim she provided over half the support of any of the above individuals. Instead, petitioner claims that she was one of a group of related individuals each of whom contributed more than 10 percent *450 of the support of the dependent claimed, and who together contributed over half the support of each individual claimed as a dependent. Section 152(c) provides guidelines for the claiming of dependency exemptions where multiple taxpayers support a dependent, including a requirement that the taxpayer contribute over 10 percent of the support of the claimed dependent. Sec. 152(c)(3). Section 152(c)(4) requires a written declaration for each person (other than the taxpayer) who contributed over 10 percent of such support that he or she will not claim the individual as a dependent for the same taxable year. Section 1.152-3(c), Income Tax Regs., provides that the written declaration may be made on Form 2120 or in a similar manner. With respect to petitioner's claim of dependency exemptions, petitioner has attached the following Forms 2120 to her 1986 and 1987 tax returns: Person signing who claimed to
Dependent Claimed
have contributed 10 percent or
by Petitioner
more of dependent's support
Oliver Walker - 1986
Leola Walker - Mother
Oliver Walker - 1987
Evelyn Walker - Sister
Leola Walker - 1987
Evelyn Walker - Sister
Antwan Walker - 1987
Valencia Walker - Sister
We have *451 on occasion considered testimonial estimates of support when unsubstantiated by documentary evidence. See Gajda v. Commissioner, 44 T.C. 783, 786 (1965). However, whether an exemption is allowable in such cases turns on our willingness to accept unsubstantiated estimates of support items. Labay v. Commissioner, 55 T.C. 6, 12 (1970), affd. 450 F.2d 280 (5th Cir. 1971). Here, petitioner has furnished some testimonial but no documentary evidence of support for each claimed dependent from various sources for the years in question. Petitioner has testified that Oliver Walker received public support in 1986 and 1987, her mother Leola Walker received workmen's compensation in respect of her deceased husband in 1987, and nephew Antwan's mother, Valencia Walker, was unemployed and received some public support in 1987. However, petitioner's testimony was vague on the total amount of support she provided and the amount furnished by others. Petitioner has failed to show that over one-half of the support of the claimed dependents in either 1986 or 1987 was provided by petitioner and the related group of individuals. Respondent's determination *452 is sustained. 3. Additions To Tax
Respondent has determined additions to tax under section 6653(a) (1)(A) and (B) for the taxable years in issue on the ground that the underpayments in petitioner's income taxes for these years are due to negligence or intentional disregard of rules or regulations. Respondent's determination is presumptively correct, and the burden is upon petitioner to show that respondent's determination of the additions to tax for negligence is erroneous. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Respondent claims that petitioner's negligence is demonstrated by petitioner's failure to maintain accurate records of deductions claimed and not substantiated. We agree. Petitioner's inability to substantiate claimed deductions and exemptions is the result of negligence. Accordingly, respondent's determination with regard to the additions to tax under section 6653(a) (1)(A) and (B) is sustained. Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on $ 820 and $ 1,867 for the years 1986 and 1987, respectively.↩
1. During trial, petitioner stated to the Court that she had no receipts or other records to controvert, and therefore conceded, the following adjustments determined by respondent: (1) 1986 and 1987 Schedule C expenses for cost of goods sold and commissions; (2) 1987 Schedule E rental expenses for cleaning and roof repair; and (3) 1987 Schedule A interest expense.↩
2. Petitioner testified that the money she borrowed from her brother was used by him at petitioner's request to oversee the painters' work and pay for the painting services as the work progressed during 1987.↩